98   343
76a  578

98   343
81a  434

98   343
185  362
86a  523

98    343
j105a²307
j105a 309

98    343
203  ⁴639

### JOHN K. WEBSTER

*v.*

### THE PEOPLE *ex rel.* Anton Binkert, Collector.

*Filed at Springfield March 21, 1881.*

1. APPEAL—"*in cases relating to the revenue.*" Section 88 of the Practice act, as amended by the act of 1879, giving an appeal to this court instead of the Appellate Court, "in all cases relating to the revenue," etc., is intended to embrace public revenue, whether State or municipal, and all taxes and assessments imposed by public authority, but not of suits for the recovery of fines or forfeitures, or suits under contracts or for other dues to cities, etc.

2. CORPORATIONS—*their powers must be warranted by statute.* All power rightfully exercised by corporate bodies, whether public or private, must be conferred by the government, either in express terms or by necessary and clear implication. For every corporate act, authority must be found in a grant or requirement of a statute.

3. TAXES—*by municipal corporation.* Where the statute prescribes a mode and purpose of municipal taxation, it must be pursued, and no other mode or purpose can be substituted by officials exercising the power. Where a general tax is authorized, and the rate or per cent is prescribed, the tax can not be raised by special taxation, nor can the rate so prescribed be exceeded.

4. SAME—*for local improvements.* A grant of power to a city to impose a special tax, or a special assessment for local improvements, confers no power to accomplish the same purpose by a general tax. The power must be strictly pursued when called into exercise.

5. The city of Quincy having power, under its charter as amended, to levy a tax, not exceeding fifty cents on the $100 valuation of taxable property, to pay indebtedness and to meet current expenses, and a sum not exceeding twenty-eight cents on the $100 like valuation, as a gas tax, can not, on failure to levy the latter tax, have the amount thereof levied and collected under the

former tax, so as to make it exceed fifty cents on the $100 valuation. All taxes authorized for specified purposes must, when levied, be for the purpose named, and not for some other.

6. SAME—*alteration of warrant.* Where a city levies a tax in excess of its power, and after the warrant comes into the hands of the collector, directs him to collect only a certain rate per cent, and he computes the same as to each item of tax extended, and writes the amount to be collected in red ink over each amount of tax, this will be no alteration of the warrant, so as to prevent him from completing the collection of so much of the taxes as is legal. Like a sheriff, he may complete the execution of the warrant after it becomes inoperative as a process.

APPEAL from the County Court of Adams county; the Hon. B. F. BERRIAN, Judge, presiding.

Messrs. SIBLEY, CARTER & GOVERT, for the appellant:

The power of taxation conferred on a municipal corporation, must be strictly construed. Burroughs on Taxation, .372; *Sharp* v. *Spice,* 4 Hill, 76; Dillon on Mun. Corp. secs. 605, 607.

The city of Quincy, by sec. 4 of the act to amend its charter (Laws 1863, p. 172,) was authorized to levy, annually, taxes on the $100 valuation, not to exceed twenty-five cents, for the support of schools; a tax not to exceed twenty-eight cents, for gas to light the city, and a tax not exceeding fifty cents, to pay the debts of the city and to meet current expenses, making $1.03 on the $100 valuation of taxable property for any and all purposes. *Binkert* v. *Jansen et al.* 94 Ill. 283.

The city authorities for the year 1879 certified to the county clerk a levy as follows: Forty-seven cents on each $100 valuation, for school purposes, $1.36 on such valuation to pay the debts and current expenses of the city, and twenty-one cents for streets and alleys. Afterwards, by order of the council, the general city tax was reduced to fifty-seven cents, so as to make the whole tax to be collected $2.04 on the $100 valuation.

The validity of the school and so much of the general city tax as does not exceed fifty cents, is not questioned. But the objections are confined to the street and alley tax, and seven cents above that allowed by law to be raised to pay the debts and expenses of the city, the other taxes having been paid.

The tax levied for streets and alleys can not be sustained as a gas tax, which was not levied. A tax levied and collected for a distinct object, can not be appropriated for a different purpose, except where a surplus remains after the object of the levy has been accomplished. *Fuller* v. *Heath*, 89 Ill. 296.

The alteration made by the collector as to the amount of the taxes extended ought certainly to destroy the validity of the tax carried out in that column. It is the alteration of process directed to a ministerial officer to execute, and he is not permitted to alter or amend it.

Mr. JAMES E. PURNELL, city attorney of Quincy, and Messrs. MARSH & McFADON, for the appellee, contended that, as no question involving the validity of a statute arises in this case, and as no State revenue was involved, but only a city tax, their motion to dismiss the appeal ought to be allowed.

The memoranda made by the collector, of the amount of the taxes the city was willing to receive in full is not an alteration of the books, and can not defeat the collection of the entire tax. Besides, this objection was not made in the county court, and is now too late. *Chiniquy* v. *People*, 78 Ill. 577; *Jerome* v. *Chicago*, 62 id. 285.

The city had the right to control the collection of its own tax, and to remit illegal portions.

We claim that the city may rely upon any law in force at the time of the levy to support the tax in controversy. The city had a right to have the excess of the levy for general city purposes collected for the purpose of a gas tax.

The lighting with gas was a local improvement confined to a particular locality, and the tax in question may be sustained as a special tax or assessment. See Cooley on Taxation, 415 and 418; *Shaw* v. *Dennis*, 5 Gilm. 415; *Elston* v. *Chicago*, 40 Ill. 518.

The collector's report of delinquent lands makes a *prima facie* case, and if there be any valid objections, it is for the land owner to make them appear. *Buck* v. *People*, 78 Ill. 561; *Chiniquy* v. *People*, id. 570; *Mix* v. *People*, 80 id. 312; *Pike* v. *People*, 84 id. 81.

Mr. Justice Walker delivered the opinion of the Court:

At the May term, 1880, of the county court of Adams county, the collector applied for a judgment against lands and lots in the city of Quincy, for delinquent taxes. Appellant had paid his State, county and city school tax, and so far as relates to his property, the only dispute is as to taxes due the city of Quincy for the year 1879, and previous years. On the filing of the collector's report appellant filed objections, which, after a hearing, were overruled and judgment rendered for the sale of the lots for the payment of the taxes.

We shall dispose of a preliminary question before proceeding to the discussion of the objections urged for a reversal of the judgment.

A motion was made to dismiss the appeal in this case because it is claimed that it does not lie to this court from the county court, but that the appeal should have been taken to the Appellate Court. The eighty-eighth section of the Practice act, as amended by the act of 1879, (Sess. Laws p. 222), among other things, provides that appeals to and writs of error from this court may be prosecuted to the trial courts: " In all cases relating to revenue, or in which the State is interested as a party or otherwise." The city contends that the true meaning of this clause embraces State revenue and not

city taxes. To so hold would be to give a too restricted meaning to the term "revenue."

The term was not used in its most extended meaning, but to embrace public revenue, whether State or municipal,—to embrace all taxes and assessments imposed by public authority. It would not embrace suits for the recovery of fines and forfeitures or suits on contracts or other dues to the city, etc. We are of opinion that the appeal to this court was properly taken.

All power rightfully exercised by corporate bodies, whether public or private, must be conferred by the government, either in express terms or by necessary and clear implication. For every corporate act, authority for the same must be found in a grant or requirement of a statute of the legislature of the State. Here the city claims the power by grant in its charter, but this is denied by appellant. The power must not only thus exist, but it must be called into exercise by the proper functionaries.

Then the question presents itself whether the city possesses the power to levy these taxes, and if so, has it exercised it in the mode contemplated by the charter. The fourth section of the act to amend the charter (Session Laws, 1863, p. 172), authorizes the city to annually levy taxes for the support of schools, not to exceed twenty-five cents on the $100 of valuation of property for taxation; not exceeding twenty-eight cents on the $100 of such valuation, for gas to light the city, and not exceeding fifty cents on the $100, of such valuation, to pay the debts of the city and to meet its expenses. The city, for the taxes for the year 1879, levied forty—seven cents on the $100 valuation, for school purposes; for streets twenty-one cents on the $100 of valuation; for the payment of city indebtedness and expenses, $1.36 on the $100 of valuation. There was no sum returned to the county clerk to be extended as a tax for gas to light the city. These several taxes were extended in separate columns on the collector's warrant, as indicated by the order levying these taxes for these several

purposes.  The column containing the school tax was headed
" school tax ;" that of streets was headed " street and alley
tax," and that for payment of debt and to meet expenses was
headed " city tax ex. school and street and alley tax."  Thus
it is seen, that the taxes were so levied and extended on the
collector's warrant.

After the tax warrant was placed in the hands of the col-
lector for collection of the taxes thus levied and extended,
the decision in the case of *Binkert* v. *Jansen*, 94 Ill. 283, was
announced, holding that under this amendment to the city
charter it could not levy a tax on real and personal property
for city purposes of more than $1.03, on the $100 of valua-
tion.  The city council thereupon, by resolution, directed the
collector to collect of the city levy, exclusive, of the school
tax, but seventy-eight cents on each $100 of valuation.  He
thereupon caused a computation to be made of the amount
chargeable to each person and lot or tract of land at that
rate, and placed the amount so ascertained in red ink over
the amounts extended by the clerk on the tax warrant, as in-
dicating the amount to be collected.  And in his return of
the delinquent list he asked a judgment only for that amount.

It was objected in the court below, that the twenty-one
cents levied for streets and alleys is unauthorized and void,
and the objection is here urged for a reversal. ·

In the case of *Binkert* v. *Jansen*, *supra*, it was held the city
had ¬no power to levy a specific street and alley tax on real
and personal property, and that case is decisive of the levy
of such a tax in this case.

It is, however, urged that the city is empowered to levy a
special tax for local improvements.  Conceding this to be
true, when such a tax is levied, to be constitutional, it must
be levied on contiguous property, whilst this tax is levied on
all of the taxable property in the city.  It has more of the
elements of a special tax, and can not therefore be sustained
as such.  Nor can it be held to be a special assessment for
the improvement of streets.  None of the steps requisite to

a special tax or a special assessment have been observed in its imposition, nor is its operation local or special, as it applies to and operates, in its levy and collection, on all taxable property in the city.

It is urged that twenty-eight of this seventy-eight cents on the $100 valuation may and should be sustained as a gas tax, as that amount is authorized to be levied for that purpose. This might and would no doubt be true if that amount had been so levied. But no tax was levied for that purpose, as contemplated by the statute. It authorizes such a levy for that specific purpose. Having given the power to levy such a tax specifically, the city has no power to levy such a tax under another name or to include it in the levy of a tax for another and different purpose. It could not be embraced in the tax for the payment of the city debt and expenses, because the statute has expressly limited that to fifty cents on the $100 of valuation, and to add this twenty-eight cents to that tax would exceed the fifty cents, the extreme limit authorized for that purpose. The city had, no doubt, the power to levy a gas tax to that amount, but it has failed to exercise the power, and it must remain dormant until called into exercise by the functionaries of the city. Having a power not exercised does not warrant the exercise of another and unauthorized power to an equal extent, for another and wholly different purpose. Because power is given to levy a gas tax, that does not authorize the levy of a street tax because the city may fail to levy a gas tax. All taxes authorized for specified purposes must, when levied, be for the purpose named, and not for some other purpose.

When the statute prescribes a mode and purpose of taxation, it must be pursued, and no other mode or purpose can be substituted by officials exercising the power. When a general tax is authorized, and the rate or per cent is prescribed, the tax can not be raised by special taxation, nor can the rate be exceeded. So, a grant of power to impose a special tax or a special assessment for local improvements,

confers no power to accomplish the purpose by general tax. The power must be strictly pursued, when called into exercise.

If an officer has the power to so alter or mutilate a writ directed to him to execute, as to render it void, we are clearly of opinion that the collector in this case made no such alteration of the tax warrant as to render it void and inoperative. He still had the undoubted power to proceed until it was fully executed. An officer may, if he begins to execute a *fi. fa.* in its lifetime, complete the execution after it becomes inoperative as a writ. In such a case the power continues after the writ expires. But here, there was no alteration so as to change its contents or purport. The collector but made memoranda on the warrant for convenience in collecting the taxes. We perceive no force in this objection.

But as all of the judgment above fifty cents on the $100 valuation is erroneous, it is reversed and the cause remanded.

*Judgment reversed.*