# Henry Potwin

### *v.*

## William T. Johnson, Collector.

*Filed at Ottawa May 10, 1883.*

1. APPEAL—*revenue—judgment on special assessment.* No appeal lies to an Appellate Court from a judgment of the county court against lots for a special assessment against the same by a city, for improving a street, but such appeal lies directly to this court.

2. Section 88 of the Practice act, as amended in 1879, provides that in all cases relating to the revenue, etc., appeals shall be taken directly to the Supreme Court. The word "revenue" in that clause is held to embrace all taxes and assessments imposed by any public authority, and includes special assessments made by a city for any public improvement.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. EDWARD ROBY, for the appellant.

Mr. FRANCIS ADAMS, and Mr. F. S. WINSTON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application by the county collector of Cook county, at the July term of the county court, 1882, for judgment against certain lands for a special assessment which had been levied by the city of Chicago for improving West Monroe street. The application for judgment was made on the 10th day of July,—the first day of the July term of court. The court found that due notice, as required by law, had been given of the application for judgment, and made an order that parties desiring to object file their objections by July 12. On July 19, no objections having been filed, judgment was rendered against the lands. On July 26 the appellant appeared in court, and entered a motion to set aside the judgment. This motion was heard, and, on the 2d day of August, over-

ruled.   The appellant appealed to the Appellate Court, where the judgment of the county court was affirmed.   To reverse this last judgment the appellant has appealed to this court.

It is apparent, from an examination of the statute, that the Appellate Court had no jurisdiction of the cause, and the appeal ought to have been dismissed by that court.   The 8th section of the Practice act, as amended by the act of 1879, (Laws of 1879, page 222,) among other things provides, "that all cases relating to the revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court."   Here the application for judgment was for a special assessment levied by the city of Chicago, but the money to be raised was revenue, and the fact that the money was to be collected by special assessment did not change its character, or affect it in the least.   The act is not confined to State taxes or public revenue, but embraces all revenue, whether it may be State, county or city taxes.

The construction of this statute came before the court in *Webster* v. *The People,* 98 Ill. 343, and in speaking in regard to the term "revenue," it is there said:   "The term was not used in its most extended meaning, but to embrace public revenue, whether State or municipal,—to embrace all taxes and assessments imposed by public authority."   Here the assessment was a municipal tax, levied for a special purpose by public authority, and clearly falls within the term "revenue."   If we are correct in this view, it follows that the statute did not authorize the appeal to be taken to the Appellate Court, and that court had no jurisdiction of the cause. If the Appellate Court had no jurisdiction, an appeal from that court to this could not confer jurisdiction here to dispose of the case on its merits.

The only proper order that can, therefore, be made in the case is, to reverse the judgment of the Appellate Court, and remand the cause, with directions to that court to dismiss the appeal, which is done.          *Judgment reversed.*