THE PEOPLE *ex rel.* William T. Johnson

*v.*

GEORGE A. SPRINGER.

*Filed at Ottawa May 10, 1883.*

1. APPEAL—"*revenue*"—*special assessments.* By amended section 88 of the Practice act, appeals from the trial courts are required to be taken directly to this court "in all cases relating to revenue," etc. The word "revenue" in that section is held to embrace all taxes and assessments imposed by public authority. All public park assessments are included in the term, and hence no appeal lies from the order of the county court refusing judgment on such assessments to the Appellate Court.

2. PRACTICE—*power to vacate judgment after term expires.* Under section 40 of the Practice act, a court may, during the term, set aside any judgment upon good and sufficient cause shown by affidavit, and when a motion is made to vacate a judgment at the same term, the court is authorized to continue such motion and grant the same at the next term. And the fact that a precept may have been issued upon a judgment of the county court against lots for unpaid assessments, and one of the lots sold, will not preclude the exercise of this power.

3. SPECIAL ASSESSMENTS—*within what time to be returned for judgment.* Under section 279 of the Revenue act, special assessments not returned to the county collector on or before the first day of March next after they are due, may be so returned on or before the first day of March in the succeeding year, and if not returned on or before that day they are barred, and no judgment can be obtained for the sale of the property assessed. Sections 153 and 154 of the act relating to cities and villages have no application, except as to special assessments levied by a city, village or town under that act. Section 279 not conflicting with any part of the Park act, must be held to include all public park assessments.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding; and also writ of error to such County Court in same matter.

Mr. M. W. FULLER, and Mr. JESSE B. BARTON, for the appellant.

Mr. J. W. WAUGHOP, for the appellee and defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Application was made July 10, 1882, by the county treasurer and *ex officio* collector of Cook county, to the county court of that county, for judgment for delinquent taxes and assessments, including the unpaid installments of the South Park assessments. The court entered an order that all objections to the rendition of judgment on lands and lots delinquent for such taxes and assessments be filed, in writing, on or before the coming in of the court on the 12th day of July, 1882. No objections having been filed as to the lands and lots described in this record, in accordance with said order, default was entered, and July 19, 1882, a judgment was rendered against these lands and lots, and a precept directed to the collector to sell the same to recover the taxes and assessments so found due and unpaid. August 2, 1882, the appellee filed his written motion to vacate said judgment, supported by his affidavit, which motion the court set for hearing at the August term, and which was, on September 9, taken up and the judgment vacated, and a further order entered refusing judgment as to said lots and lands for the delinquent installments of the South Park assessments. An appeal was prayed and granted to the Appellate Court for the First District from such judgment of refusal, where, upon motion of the appellee, the

appeal was dismissed for want of jurisdiction, and the case is brought here on appeal from the order of dismissal.

Amended section 88 of the Practice act provides, among other things, that appeals shall be taken from the trial court directly to this court, "in all cases relating to revenue, or in which the State is interested, as a party or otherwise." (Laws 1879, p. 222.) In *Webster* v. *The People*, 98 Ill. 343, we held that the term "revenue," as in that section used, embraced all taxes and assessments imposed by public authority. We are of opinion that these South Park assessments should be held as embraced within that term, revenue, and that the Appellate Court properly dismissed the appeal for want of jurisdiction.

A writ of error has also been sued out from this court to the same judgment of the county court, which requires us to consider the propriety of that judgment.

As already observed, the court, at the July term, 1882, entered a judgment for these installments of this special assessment, but subsequently set aside the judgment, and entered an order refusing judgment. Exception is taken to this action of the court in setting aside the former judgment and entering the order refusing judgment, as unwarranted. The motion to set aside the first judgment was made at the July term,—the same term at which the judgment was entered,— and for want of time to hear the motion it was laid over until the next term, and at the next term,—the August term of the court,—the court heard the motion and set aside the judgment, and entered an order refusing judgment. The motion in the case was based on an affidavit, the truth of which was confessed. Section 40 of the Practice act is: "The court may, in its discretion, before final judgment, set aside any default, and may, during the term, set aside any judgment, upon good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable." (Rev. Stat. 1874, p. 780.) The authority for continuing the

motion to vacate the judgment at a subsequent term, and then pass upon it, is declared in *Windett* v. *Hamilton,* 52 Ill. 180, *Hibbard* v. *Mueller,* 86 id. 256, and *Hearson* v. *Graudine,* 87 id. 116. The above show authority sufficient for the court's action. Nor did it preclude the exercise of this power that a precept to the collector to sell had been issued upon the judgment, and that one tract had been sold by the collector before the judgment was vacated, as is shown by the record.

As respects the merits of the application, it appears that the installments of South Park special assessment for which application for judgment against lands and lots was made on July 10, 1882, were the second, third, fourth, fifth, sixth and seventh installments, all of which became due on and previous to September 1, 1878. Section 178 of the Revenue law, under which law this proceeding took place, is as follows: "When any special assessment made by any city, town or village pursuant to its charter, or by any corporate authorities, commissioners or persons pursuant to law, remains unpaid, in whole or in part, return thereof shall be made to the county collector on or before the tenth day of March next after the same shall have become payable, in like forms as returns are made for delinquent land tax." The 279th section is as follows: "When any special assessment is not returned to the county collector on or before the first day of March next after it is due, the same may be returned on or before the first day of March in the succeeding year, and if not then returned it shall be considered barred, unless the return is prevented by an injunction or order of court; and the time such return is thus prevented shall be excluded from the computation of such time." (Rev. Stat. 1874, pp. 887, 904.) The last one of the said installments of such special assessment became due, as we have said, September 1, 1878, and, under this law, should have been returned to the county collector by the first day of March, 1880, after which time

35—106 ILL.

the court is required to consider it barred.   This application by the county collector not having been made until July 10, 1882, we do not see how, under the law, the county court could do otherwise than to hold the special assessment barred, and refuse judgment, as it did.   Of course sections 153 and 154 of the act relating to cities, villages and towns, (Rev. Stat. 1874, p. 254,) have no application here, as they respect special assessments levied by a city, village or town under the general Incorporation act.

All the answer which is made is, that the act concerning "Parks," (Rev. Stat. 1874, p. 733,) provides the manner in which these park assessments shall be made, and prescribes the several steps to enforce the collection of this assessment, peculiar to itself, up to and including the application for judgment, after which time the act directs the proceedings, orders and judgments of the county court shall be such, as nearly as may be, as in cases of delinquent lands whereof judgment is prayed for the non-payment of State and county taxes; that the act fixes no time in which return shall be made, and that this Park act is the law which is to govern. The constitution of 1870 (art. 9, sec. 4,) requires that the General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes, and that there shall be no sale of real estate for taxes or special assessments but by such officer, upon the order of some court of record.   The Park act came in force July 1, 1871.   The sections of the Revenue law above quoted were enacted subsequently, said section 178, as amended in 1873, coming in force May 2, 1873, and section 279 July 1, 1872. Said section 178 names any special assessment made by any city, town or village, or *by any corporate authorities, commissioners or persons,* pursuant to law, etc.   The first section of

the Park act enacts, that *persons* who have been appointed *commissioners* for the purpose of establishing any public park are declared to be "corporate authorities," etc. Thus, these park commissioners, who make these park special assessments, seem to be expressly mentioned in this section 178 of the Revenue law, and to have been clearly in contemplation, and we can not doubt that the special assessments mentioned in these sections of the Revenue law were intended to include, and should be held to include, all public park special assessments. They do not conflict with any part of the Park act, but are in addition and beyond anything in that act, relating to the remedy general for the collection of all special assessments whatever.

The judgment of the county court in denial of the application will be affirmed.

*Judgment affirmed.*