FREDERICK HERHOLD *et al.*

*v.*

THE CITY OF CHICAGO.*

*Filed at Ottawa May 10, 1883.*

APPEAL—"*revenue*"—*special assessments.* A judgment confirming special assessments for improving a street, made by a city, relates to revenue, and consequently the Appellate Court has no jurisdiction of an appeal from such judgment. An appeal in such case lies only to this court directly.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

* This case was considered in connection with several others of like character.

Mr. EDWARD ROBY, for the plaintiffs in error.

Mr. FRANCIS ADAMS, for the defendant in error.

Per CURIAM: A motion was entered in this case to dismiss the writ of error for want of jurisdiction. This was a proceeding to open a street, and to assess benefits on adjacent lots benefited thereby. The benefits were assessed, and an application was made for a confirmation of the assessment. A number of persons filed objections to a confirmation. A trial was had before the court and a jury, when it was found that the objectors were not assessed more than they were benefited, nor more than their proportional share of the cost of the improvements, and after overruling a motion for a new trial, the court rendered judgment confirming the assessment. An appeal was taken to the Appellate Court for the First District, where the judgment of the Superior Court was affirmed, and the case is brought to this court on error. In neither case was the judgment $1000, but the judgments were confirmations of assessments for benefits in opening a public street, which relates to revenue.

This question was before us in the case of *Potwin* v. *Johnson*, (*ante*, p. 532,) on facts essentially the same as the facts in this case. It was there held that the Appellate Court had no jurisdiction in such cases, and that it should have dismissed the appeal, and for that reason the judgment of the Appellate Court was reversed, with an order to dismiss the appeal. That case must control the decision of this.

The judgments of the Appellate Court must, therefore, be reversed, and the causes remanded, with directions to dismiss the appeals in these several causes.

*Judgment reversed.*