## PHŒNIX GRAIN AND STOCK EXCHANGE
### v.
### WILLIAM H. GLEASON.

22    373
47    533

22    373
81    405
81    435

22    372
86    523

22    373
e112   1626

*Jurisdiction—Cases Relating to the Revenue—Sec. 88, Practice Act—Bill for Injunction.*

1. This court has no jurisdiction of an appeal from a decree upon a bill to restrain the collection of taxes.

2. A proceeding to restrain the collection of taxes is within Sec. 88, Practice Act, as amended June 3, 1879.

[Opinion filed January 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for appellant.

Messrs. CAMPBELL, HAMILTON & CUSTER, for appellee.

BAILEY, J.   This was a bill in chancery brought by the Phœnix Grain and Stock Exchange against William H. Gleason, Town Collector of the Town of South Chicago, to restrain said collector from levying his tax warrant, issued to him for the collection of the taxes of 1885, upon the property of the complainant, and from taking any steps for the collection of said taxes from the complainant, the bill alleging that the assessment of the complainant's property upon which said taxes were levied and extended, was irregular and fraudulent. A preliminary injunction having been awarded, the defendant moved on bill, answer and affidavits for a dissolution of said injunction, which motion was sustained, and it being stipulated by the parties that the decision of said motion might be taken as the final hearing of the cause, a decree was entered

dismissing the bill for want of equity, at the complainant's costs. From this decree the complainant has prayed and perfected an appeal to this court.

Section 88 of the act in regard to practice in courts of record, as amended June 3, 1879, provides that appeals from and writs of error to Circuit Courts, the Superior Court of Cook County, etc., "in all cases relating to the revenue," shall be taken directly to the Supreme Court. It can not be doubted that the present suit is a case relating to the revenue within the meaning of said statute, and that this court, therefore, has no jurisdiction of the appeal.

In Webster v. People, 98 Ill. 343, it is held that the word "revenue," as used in the statute, embraces all taxes and assessments imposed by public authority, and that appeals from judgments of the County Court for the sale of lands for taxes are to be taken directly to the Supreme Court. In Potwin v. Johnson, 106 Ill. 532, it was held that special assessments levied by the City of Chicago were embraced within the meaning of the term "revenue" as used in said statute, and that this court had no jurisdiction of appeals from judgments of the County Court for the sale of lands for such assessments.

In People v. Springer, 106 Ill. 542, the same rule was applied to a judgment for an unpaid installment of South Park assessments, and in Herhold v. City of Chicago, 106 Ill. 547, to an order of the Superior Court, conferring an assessment of benefits to adjacent property from the opening of a street. To same effect see Schlierbach v. City of Pana, 13 Ill. App. 382.

The foregoing cases differ from the one under consideration in this: those were proceedings for the collection of the revenue while this is a suit to restrain its collection. But they equally relate to the revenue, and if there are errors in the record in this case the exclusive jurisdiction of correcting such errors is given by the statute to the Supreme Court.

The appeal will be dismissed at the costs of the appellant.

*Appeal dismissed.*