THE PHŒNIX GRAIN AND STOCK EXCHANGE

*v.*

WILLIAM H. GLEASON.

*Filed at Ottawa September 26, 1887.*

1. TAXATION—*over-valuation—remedy—tax-payer is chargeable with knowledge of proper remedy.* A court of equity has no power to value property for taxation, or to reduce an assessment. The remedy for an excessive assessment is by petition to the town board of review, under section 86 of the Revenue law, and to the county board, under section 97 of the same law.

2. So where a corporation neglected to furnish the proper list of its taxable personal property, the assessor listed and assessed the same, according to his best judgment and information, at $5000, and notified the corporation of his action. The corporation petitioned the town board of review to reduce the assessment, which was refused, and no appeal was taken to the county board. It was *held*, that the decision of the town board was conclusive, and that a court of equity could not interfere unless the tax itself was unauthorized by

law, or was assessed on property not subject to taxation, or the property was fraudulently assessed at too high a rate.

3. A party assessed for taxation is bound to take notice of the remedies afforded him by law for the review of the assessment, and will be held to know what a document is which he signs, which purports on its face to be a petition to the town board of review for a reduction of the assessment; and his ignorance of its contents and object can not constitute such fraud on his rights as to authorize a court of equity to enjoin the collection of the taxes extended on the assessment.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for the plaintiff in error:

A court of equity will interfere to restrain the collection of a tax based upon a fraudulent over-assessment, considering a fraudulent over-assessment, independent of questions of irregularity, a sufficient ground for granting relief, and treating its jurisdiction as concurrent with the statute remedies through town or other boards. *Town of Lebanon* v. *Railroad Co.* 77 Ill. 539; *Howard* v. *Drainage Co.* 51 id. 130; *First National Bank* v. *Cook,* 77 id. 622; *McBride* v. *City of Chicago,* 22 id. 574; *Vieley* v. *Thompson,* 49 id. 9; *Lemont* v. *Stone Co.* 98 id. 94; *Insurance Co.* v. *Farwell,* 102 id. 413; *Railroad Co.* v. *Hodges,* 113 id. 323; *Felsenthal* v. *Johnson,* 104 id. 26; *Adsit* v. *Lieb,* 76 id. 198; *Pacific Hotel Co.* v. *Lieb,* 83 id. 602.

An assessment may be so grossly excessive as to imply fraud. *Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602.

An assessment which is not based upon property known to exist, is not such an assessment as is contemplated, and is fraudulent. Cases above cited, and sec. 1, art. 9, of the Constitution; Rev. Stat. chap. 120, sec. 3.

The plaintiff in error was guilty of no negligence in reference to correcting the assessment by methods provided by law; and *quære,* whether it was required to go before the board to correct a fraudulent assessment. *English* v. *People,* 96 Ill. 566.

Mr. John M. Hamilton, for the defendant in error:

The law presumes that an officer does his duty. *Evans* v. *School Commissioners*, 1 Gilm. 654.

When the assessor and board of equalization have acted, their valuation can not be reviewed, and the courts have no power to change the same. *People* v. *Big Muddy Iron Co.* 89 Ill. 116; *Life Ins. Co.* v. *Pollak*, 75 id. 292.

A court of equity is not empowered to value property for taxation, and resort must be had to the boards provided by law for the correction of an assessment. *Railroad Co.* v. *Hodges*, 113 Ill. 323; *Preston* v. *Johnson*, 104 id. 625; *Felsenthal* v. *Johnson*, id. 21.

We know that the Supreme Court of this State have said in their latest decision on this question, (*Railroad Co.* v. *Hodges*, 113 Ill. 323,) that the collection of a tax will be enjoined when the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate; but what is a fraudulent valuation of property at too high a rate? We can best judge of what is meant by a fraudulent assessment or valuation, by referring to the cases which the Supreme Court have held fraudulent.

In *Darling* v. *Gunn*, 50 Ill. 424, the court held that before a board can increase an assessment, the person to be affected must have notice and opportunity to be heard. To raise it without notice would be fraudulent.

In *McConkey* v. *Smith*, 73 Ill. 313, it was held that the board of supervisors have no power to raise an assessment of personal property without notice to the tax-payer.

In *Cleghorn* v. *Postlewaite*, 43 Ill. 428, it was held that after the owner had delivered his list of taxable property to the assessor, if the latter, without notice to the owner, increases the assessment above the amount listed, equity would enjoin collection of the tax on the increase.

In *People* v. *Ward*, 105 Ill. 620, it was held that after the assessor had made an assessment of personal property of a tax-payer, and entered the same on his books, he could not lawfully increase such assessment without notice to the tax-payer, for it would be fraudulent.

In *First National Bank* v. *Cook*, 77 Ill. 622, it was held that the altering of an assessment on personal property, after it was made, by either the assessor or county board, without notice to the owner, was such fraudulent assessment as equity would enjoin.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed in the Superior Court of Cook county by plaintiff in error against the defendant in error as collector for the town of South Chicago, to enjoin the latter from collecting a personal property tax, which is alleged to have been fraudulently assessed. The collector answered and a hearing was had by stipulation upon bill and answer and certain affidavits. The trial court dissolved the preliminary injunction which had been granted and dismissed the bill for want of equity.

The plaintiff in error was assessed upon personal property to the amount of $5000, which was intended to cover not only its office furniture, but also its cash capital on hand and in use in its business. Its complaint was that the valuation was too high. It filed a petition with the town board, consisting of the assessor, supervisor and town clerk, and therein complained of the assessment as being too high and prayed for a review and correction of it, as provided for in section 86 of the Revenue act. The town board overruled the prayer of the petition and approved the assessment, as made by the assessor. No further complaint was made to the county board at its meeting on the second Monday in July, as provided for in section 97 of the Revenue act.

A court of equity is not empowered to value property for taxation. The applications to the town and county boards, for which provision is made in sections 86 and 97 above referred to, furnish ample remedies for all errors in valuation. Plaintiff in error resorted to the town board for relief and took no appeal from the decision approving of the assessment. That decision is final under the repeated rulings of this court, "unless the tax itself is unauthorized by law, or the tax is assessed upon property not subject to taxation, or the property, upon which it is assessed, is fraudulently valued at too high a rate." *Illinois Central Railroad Co.* v. *Hodges et al.* 113 Ill. 323; *Preston et al.* v. *Johnson,* 104 id. 625; *Felsenthal* v. *Johnson,* id. 21; *People* v. *Big Muddy Iron Co.* 89 id. 116; *Spencer* v. *People,* 68 id. 510; *Republic Life Ins. Co.* v. *Pollak,* 75 id. 292.

There is no pretence that the tax in this case is unauthorized by law or assessed upon property not subject to taxation. Nor do we see any sufficient evidence of the claim made by plaintiff in error, that its property, upon which the tax objected to was assessed, was fraudulently valued at too high a rate.

Plaintiff in error made no schedule of its personal property, as required by sections 6 and 24 of the Revenue act. Thereupon, the assessor listed and assessed the same according to his best judgment and information, as he was authorized to do by sections 24 and 83. He then sent a notice, dated June 16, 1885, to the plaintiff in error, notifying it that its personal property, subject to assessment at No. 143 Madison street, and which it was required by law to list, had been valued at $5000, and requesting that a schedule should be furnished within five days if the valuation so made was not satisfactory. The president or manager of plaintiff in error then went to the assessor's office and demanded a reduction of the assessment. He was referred to the town board by one of the deputy assessors and was furnished with a blank form of

petition on which to make his application to the town board. He filled up the blank, writing in it in full the nature of his complaint and signed to it the name of plaintiff in error by himself as president. The petition so filled up and signed was presented to the town board and acted upon.

The president or manager now says that he regarded the signing of the petition as a mere matter of form, and did not read it over, and supposed it was merely designed to enable the assessor to correct the erroneous assessment. The only ground for any charge of fraud is the allegation, that the president was deceived into looking upon the paper filled up and signed by him as a memorandum for the guidance of the assessor, when it was in fact a petition to the town board. He was bound to know what his remedies were under the law for the review of the assessment, and was also bound to know what the document was, which he wrote in at length and then signed. It purports on its face to be a petition. It is addressed to the assessor, supervisor and town clerk, "in session as the town board for the purpose of reviewing the assessment of the property of the town." It concludes with a prayer that the board will review and correct the assessment.

Moreover, the deputy assessor swears, that he refused to reduce the assessment, as requested by the manager of plaintiff in error, and referred the latter to the town board as the proper tribunal to be applied to for a review, and supplied him with blank forms for the purpose of enabling him to make the application.

The decree of the Superior Court is affirmed.

*Decree affirmed.*