# Claypool Drainage and Levee District v. Chicago & Alton R. R. Co.

1. APPELLATE COURT JURISDICTION—*In Cases Relating to the Revenue.*—A question relating to the revenue is involved in a proceeding by petition under sections 60 and 61 of the drainage act of 1879, which the Appellate Court has no jurisdiction to determine.

2. REVENUE—*The Term Defined.*—The term "revenue," as used in section 88 of the Practice Act, embraces all taxes and assessments imposed by public authority, including special assessments.

**434**     APPELLATE COURTS OF ILLINOIS.

VOL. 81.] Claypool Drainage & Levee Dist. v. C. & A. R. R. Co.

**Proceedings by Petition,** under Sections 60 and 61 of the Drainage Act of 1879. Trial in the County Court of Grundy County; the Hon. A. R. JORDAN, Judge, presiding. Finding and judgment for defendant; appeal by petitioner. Heard in this court at the December term, 1898. Appeal dismissed. Opinion filed April 11, 1899.

S. C. STOUGH, attorney for appellant.

GEORGE S. HOUSE, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was a proceeding begun by appellant in the court below, under sections 60 and 61 of the drainage act of 1879, by filing a petition averring that the appellant drainage district had theretofore been organized with certain boundaries for the purpose of constructing a drain to improve the land within said boundaries; that appellee's right of way within said boundaries was included in said district; that a jury had theretofore been impaneled, and the damages and benefits caused by the proposed improvement had been assessed by it, and that $188.16 had, by the jury, been assessed against appellee as the excess of its benefits over its damages, and said assessment had been duly confirmed by the court; but that appellee was not served with notice as by law required, and said assessment against appellee was therefore irregular and defective. The petition asked that the assessment be made valid as by said sections 60 and 61 provided. Appellee answered admitting lack of notice, and denying that its land would be benefited or improved by said drain. A jury was waived and the issue, whether said land would be so benefited, was tried upon proofs presented and decided adversely to the drainage district, which prosecutes this appeal from the decision.

Section 88 of the Practice Act provides that all cases relating to revenue shall be taken directly from the trial court to the Supreme Court. The term " revenue," as used in said section, embraces all taxes and assessments imposed by public authority, including special assessments. (Webster v. People, 98 Ill. 343; Potwin v. Johnson, 106 Ill. 532; Peo-

ple v. Springer, 106 Ill. 542; Herhold v. Chicago, 106 Ill. 547; Blake v. People, 109 Ill. 505; Schlierbach v. Pana, 13 Ill. App. 382; Phœnix Grain & Stock Exchange v. Gleason, 22 Ill. App. 373; People v. Gillespie, 47 Ill. App. 522; Gunning v. People, 76 Ill. App. 574.) If we sustain the judgment of the court below, we thereby relieve the lands of appellee from a special assessment imposed upon it by the original judgment. If we reverse the judgment of the court below, the effect will be to subject said lands to the payment of a special assessment. We are of opinion that the case relates to revenue, and that we have no jurisdiction to determine the questions raised by the record. The appeal will therefore be dismissed.