180    527
112a   626

S. B. SMITH et al.

v.

D. H. KOCHERSPERGER et al.

*Opinion filed June 17, 1899—Rehearing denied October 5, 1899.*

INJUNCTION—*when sale of delinquent lands cannot be enjoined.* A bill to enjoin a sale of delinquent lands by the collector on the ground of fraudulent acts of the city with reference to spreading the assessment cannot be maintained where the transactions complained of occurred before the judgment of sale and were matters of public record in the assessment proceeding, to which the complainants were parties and of which they could by ordinary diligence have then informed themselves. (*Callister* v. *Kochersperger*, 168 Ill. 334, and *Heinroth* v. *Kochersperger*, 173 id. 205, followed.)

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

SAMUEL J. HOWE, for appellants.

CHARLES S. THORNTON, E. J. HILL, and G. W. AMBROSE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This cause was before this court at the April term, 1898, and the decree dismissing the bill was reversed and the cause remanded because interests of the city of Chicago were involved and it had not been made a party to the bill. (*Smith* v. *Kochersperger*, 173 Ill. 201.) The substance of the bill will be found in the opinion then rendered. After the cause was re-instated in the superior court and the city made a party, the complainants filed an amended bill, containing the substance of the original bill and some additional matter which need not be stated, as it contains nothing which would change the rights of the parties as stated in the original bill or require a different decision.

As stated in the previous opinion, the complainants sought to enjoin the collector of Cook county from selling their lots and lands under a judgment for delinquent special assessments. In addition to the allegations mentioned in the former opinion, the bill alleged that there was gross fraud on the part of the officers of the city in this: that they entered into a collusive agreement with the Pullman Land Association, the owner of certain low lands liable to assessment for the improvement and which lands would be greatly benefited by such improvement, whereby it was agreed that the assessment against such low lands should be fixed at $60,000, although said lands would by an equitable and just assessment have been assessed at not less than $100,000; that said agreement was carried into effect, and the difference or balance which said lands of the association should have been assessed, to-wit, $40,000, was spread upon and assessed against the lands of the complainants and others. The amended bill also alleged that the ordinance was void, first, because it divided the assessment into installments without authority of law; and second, because the ordinance was passed, not by a yea and nay vote, but together with other ordinances and not in the manner prescribed by

the statute.  The court below sustained the defendant's demurrer to the amended bill and dismissed said bill for want of equity.

We are of the opinion that this case must be controlled by the decisions in *Callister* v. *Kochersperger*, 168 Ill. 334, and *Heinroth* v. *Kochersperger*, 173 id. 205.  In the case at bar the complainants had a full and adequate remedy at law, if not before the judgment of confirmation, then before the judgment of sale.  So far as the bill shows to the contrary, the complainants had due notice of the application for both judgments, and may have appeared and litigated the questions raised, so far as the bill discloses.  It is not alleged that there was any fraud in obtaining the judgment of sale or confirmation.  All of the alleged illegal acts occurred before the judgment of sale and many of them before the judgment of confirmation, and were matters of public record in a cause affecting the complainant's property, and in which, and of the proceedings therein, they had due notice.  It would be manifestly inequitable to allow them to stand by until the improvements have been completed and their property benefited thereby and the judgments at law rendered, and then in a court of equity sustain the objections to their assessment which they could have raised in the proceedings at law.  The allegation in the bill, made in general terms, that they did not know of the alleged grounds of defense set up in the bill until after the judgments were rendered, is not sufficient in view of all the facts alleged.  It is plain that all of the facts and agreements which the complainants charge to have been fraudulent and collusive were matters of record in the assessment proceedings to which they were parties, and of which they could, by ordinary diligence, have informed themselves.  Substantially the same allegations of a fraudulent or collusive agreement with the Pullman Land Association were made in *Heinroth* v. *Kochersperger, supra*, and were held unavailing to enjoin the collection of the

assessment. In that and in the *Callister case* the proper remedies are pointed out. True, in the *Heinroth case,* and in this case when it was here before, the city had not been made a party and its rights could not be adjudicated; but we have reached the conclusion that the collection of the assessment cannot be restrained upon the allegations in this bill before us, and that the demurrer was properly sustained.

The decree is affirmed.                    *Decree affirmed.*