### Julian P. Lippincott v. The Board of Education.

1. REVENUE—*Jurisdiction of the Appellate Court in Cases Relating to.*—Under Section 88 of the Practice Act, "in all cases relating to the revenue," appeals must be taken directly to the Supreme Court.

**Bill for Injunction.**—Appeal from the Circuit Court of Morgan County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1899. Dismissed. Opinion filed December 20, 1899.

JULIAN P. LIPPINCOTT, *pro se.*

CHARLES A. BARNES and JOHN J. REEVE, attorneys for appellee.

OPINION PER CURIAM.

This was a bill in chancery, brought by Julian P. Lippincott, as a resident and taxpayer of the city of Jacksonville, against the Board of Education of Jacksonville School District, among other things, to enjoin the latter from "levying and collecting, or attempting to levy and collect, or certifying to the city council, any tax in excess of two per centum for school purposes, without being authorized to do so by a majority of the voters of the district at an election to be held for that purpose."

After a hearing, the court entered a decree dismissing the bill, to reverse which appellants bring the case to this court by appeal. The appellee insists that inasmuch as the case relates to the revenue, this court is without jurisdiction to

entertain such appeal, because, by the express provision of Section 88 of the Practice Act, "in all cases relating to the revenue" appeals must be taken directly to the Supreme Court.

We think there is no doubt but that this case is one relating to the revenue, within the meaning of the said section, and that this court has no jurisdiction of this appeal for that reason. See Phœnix Grain and Stock Exchange v. William H. Gleason, 22 Ill. App. 373; Webster v. People, 98 Ill. 343; Gunning et al. v. People ex rel., 76 Ill. App. 574; and Claypool Drainage & Levee District v. C. & A. R. R. Co., 81 Ill. App. 433.

The appeal will therefore be dismissed, with leave to appellant to withdraw the transcript of the record, his abstracts and briefs, also to appellee to withdraw its brief. Appeal dismissed.