Jennie Sumner, et al., v. Village of Milford, et al.
Aaron T. Sumner v. Village of Milford, et al.
William V. Marshall v. Village of Milford, et al.
Martha Vennum v. Village of Milford, et al.

Gen. Nos. 4,313, 4,314, 4,315 and 4,316.

1. APPELLATE COURT—*when, has no jurisdiction of cause.* Bills in equity praying relief, which, if granted, would deprive a municipality of a fund to which otherwise it would be entitled by virtue of an ordinance providing for a special tax for local improvements, relate to the revenue, and the Appellate Court has no jurisdiction to entertain an appeal arising upon such bills, notwithstanding they may seek other incidental relief.

Proceedings to enjoin issuance of municipality warrants, etc. Appeals from Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1903. Dismissed. Opinion filed March 14, 1904.

, ROBERT DOYLE, for appellants.

J. H. DYER, McCLELLAN KAY, and MORRIS & HOOPER, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The above entitled causes were bills in equity of substantially the same tenor against the village of Milford, its board of local improvements and its treasurer, to which the court below sustained demurrers.   Complainants appeal to this court from decrees dismissing the bills of complaint for want of equity, and submit the causes upon the same briefs for the respective parties, and we therefore consider them together.

Complainants owned real estate in the village of Milford, in Iroquois County, against which special taxes were about to be levied for certain street improvements under an ordinance of the village.   Gilbert Vennum, owner of real estate in said village which would be subject to such special tax, filed in the County Court objections to the confirmation of the assessment.   His objections were overruled and the assessment was confirmed against all the real estate covered by the ordinance, including that of the present complainants.   Gilbert Vennum appealed from that judgment to the Supreme Court, and the ordinance was there held invalid. Vennum v. Village of Milford, 202 Ill. 423.   Martha Vennum, one of the complainants here, had also filed objections, which were overruled, but she did not appeal from that judgment.   The other complainants do not state whether they filed objections to the confirmation or not. The village of Milford and its officers assumed the judgment of confirmation was conclusive against all property owners who did not appeal from it, and took steps to make the improvement directed by the ordinance, and let a contract for the work.   The bills aver that unless restrained defendants will issue bonds and warrants to pay for the work, and will annually cause a special tax to be levied upon the real estate of the several complainants under said ordinance;

and they seek to enjoin defendants from issuing any war-
rants or bonds, or causing any special tax to be extended
against said real estate, to pay for such work, and also from
tearing up the streets; and that upon a final hearing the
injunction may be made perpetual. Complainants claim
that the decision by the Supreme Court above cited, that
the ordinance is invalid, inures to the benefit of all the prop-
erty owners, even though they did not file objections to the
confirmation or appeal from the judgment; and that if this
position is untenable, still they may assail the validity of
the ordinance by bill in equity, regardless of the judgment
confirming the assessment against their property.

Section 88 of the Practice Act, as amended in 1879, re-
quires that appeals from and writs of error to the Circuit
Courts, etc., in all cases relating to revenue, shall be taken
directly to the Supreme Court. In Webster v. People, 98
Ill. 343, it was held that the term "revenue" in that section
embraced all taxes and assessments imposed by public au-
thority, and hence gave the Supreme Court jurisdiction of
a direct appeal to it from a judgment of the County Court
for city taxes. In Potwin v. Johnson, 106 Ill. 532, it was
held the Appellate Court had no jurisdiction of an appeal
from a judgment for a special assessment for the improve-
ment of a street. The same ruling was made as to South
Park assessments in People v. Springer, 106 Ill. 542. (Clay-
pool Drainage & Levee District v. Chicago & Alton R. R.
Co., 81 Ill. App. 433.) Since the earliest of these decisions
the Supreme Court has taken jurisdiction of all cases com-
ing to it directly from the trial court where the trial court
granted or refused judgment for general or special taxes or
special assessments. It has indeed been held that to
authorize the removal of a cause directly from the trial
court to the Supreme Court on the ground here under con-
sideration, the case must relate to the revenue directly, and
not merely incidentally or remotely. Hodge v. People, 96
Ill. 423; Wells v. Rogers, 196 Ill. 292; People v. Hendee,
199 Ill. 55; Wilson v. County of Marion, 205 Ill. 580. It
is therefore necessary to inquire what classes of cases, other

than those seeking judgments for general or special taxes or special assessments, have been entertained by the Supreme Court upon a direct appeal from or writ of error to the trial court, because they came within the words "relating to revenue" in the statute above cited.

In Phœnix Grain & Stock Exchange v. Gleason, 22 Ill. App. 373, the Appellate Court for the first district dismissed an appeal to it from a decree dismissing a bill which sought to enjoin a tax levy. Afterwards the same cause, apparently, was removed from the trial court directly to the Supreme Court by writ of error, and that court took jurisdiction and decided the cause in 121 Ill. 524. In Huling v. Ehrich, 81 Ill. App. 404, this court dismissed an appeal from a decree dismissing a bill which sought to enjoin the collection of a tax, and that cause was afterwards removed from the Circuit Court directly to the Supreme Court by writ of error, and the Supreme Court took jurisdiction and decided the cause in 183 Ill. 315. Since the first of these decisions the Supreme Court has so frequently entertained causes brought to it directly from the trial court wherein it was sought to enjoin the extension or collection of a tax, or the sale of property to pay a tax, that it would serve no useful purpose to cite them here. The Supreme Court has also entertained many cases brought to it directly from the trial court wherein it was sought to enjoin the sale of real estate for delinquent special assessments. Such cases are found in Brown v. City of Chicago, 117 Ill. 21; Callister v. Kochersperger, 168 Ill. 334; and Smith v. Kochersperger, 173 Ill. 201, and 180 Ill. 527. It has also entertained causes so brought directly to it, wherein the revenue was much less directly involved. The following are examples of cases of that kind: Kilgour v. Drainage Comrs., 111 Ill. 342, was an action of debt on a bond given by a landowner upon an appeal from an assessment of benefits upon his land from the construction of a drain, where jurisdiction was taken on appeal directly from the trial court because the avails of the suit on the appeal bond would become as truly public funds as if the assessment had been collected directly.

German Alliance Ins. Co. v. Van Cleave, 191 Ill. 410, was a bill in equity to compel the insurance superintendent to refund a tax alleged to have been improperly collected. Yates v. Royal Ins. Co., 200 Ill. 202, was assumpsit by a tax payer for a like purpose. Carrington v. People, 195 Ill. 484, Coombs v. People, 198 Ill. 586, Drainage District v. Comrs. of Highways, 199 Ill. 132, and Ellis v. People, 199 Ill. 548, were actions of debt to collect general taxes or special assessments. This course of taking jurisdiction in such causes brought directly from the trial court has been consistently pursued by the Supreme Court notwithstanding that in 1887 section 8 of the Appellate Court Act was amended and readopted, and became the latest act on the subject of appeals to the Supreme and Appellate Courts, and it makes no mention of cases relating to the revenue, but uses general language which would carry such cases to the Appellate Court. It is held the act of 1887 did not repeal any part of section 88 of the Practice Act, but the two are to be construed together. Dement v. Rokker, 126 Ill. 174; Lee v. People, 140 Ill. 536; Lynn v. Lynn, 160 Ill. 307, 314. Since the act of 1879, the Supreme Court, so far as we are advised, has always taken jurisdiction of cases brought to it directly from the trial court, whenever the case directly affected a general or a special tax or a special assessment, whether in a statutory proceeding to assess, levy, extend or collect it, or in a suit at law or in equity to collect it or cause it to be refunded, or in a suit in equity to prevent its assessment, levy or collection; and has always denied the jurisdiction of the Appellate Court in such cases whenever the question has been presented. It was said in Gunning v. People, 76 Ill. App. 574, that the true test is: will the public revenue be either increased or diminished, or is it likely to be, as a result of the proceedings? If so, the Appellate Court is without jurisdiction to review those proceedings.

If the prayers of these bills are granted, the village of Milford will thereby be deprived of a fund which otherwise it is entitled to receive by virtue of the ordinance, the

assessment, the judgment of confirmation, and the subsequent proceedings stated. The special assessments from which relief is sought in the above entitled causes amount to $1,609.72 in the first case; $419.36, in the second; $209.62, in the third; and $195.16, in the fourth. The total assessment under the ordinance was over $25,000. We conclude that within the meaning of the word "revenue" as interpreted in the authorities above cited, these cases relate to the revenue, and that conclusion is not weakened by the fact that each bill seeks some other incidental relief, to which complainants can only become entitled in case they can defeat the ordinance and the special tax thereunder.

As we are of opinion we have no jurisdiction, these several appeals will be dismissed, with leave, to each party to withdraw all papers filed by such party.

*Appeals dismissed.*