(No. 18862.—

HARRY ARMS *et al.* Appellees, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed June 23, 1928.*

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, and RUTH C. NELSON, of counsel,) for appellants.

CHARLES P. SCHWARTZ, (WILLIAM JAFFE, of counsel,) for appellees.

Mr. Justice Dunn delivered the opinion of the court:

The circuit court of Cook county dismissed for want of equity a bill filed by a number of master electricians and electrical contractors to enjoin the enforcement of an ordinance of the city of Chicago providing for the licensing of electricians and electrical contractors and prohibiting the installation of wires or other electrical apparatus unless the work is done under the supervision of a licensed electrician. Upon appeal of the complainants the ordinance was held void, the judgment was reversed and the cause remanded. (*Arms* v. *City of Chicago,* 314 Ill. 316.) Upon reinstatement of the case the bill was amended so as to show that each of the complainants had been compelled to pay, and had paid, sums of money of different amounts because of the requirements of the ordinance, and to pray that the defendants be required to account to the complainants, and each of them, as to any and all money paid under the terms of the ordinance. A special demurrer was filed to the amended bill, which was overruled and an answer and plea were filed. On the hearing it was stipulated that the cause should be submitted to the court on a single issue, namely, whether or not the payments alleged in the bill to have been made "were voluntarily made or made under circumstances which in equity and good conscience should require them to be re-paid to the complainants," counsel for the complainants contending that the existence of the ordinance and payment under it were equivalent to duress and obviated the necessity of protest, and counsel for the defendants contending the contrary. The court held with the complainants on this issue and decreed a recovery by the complainants of the amount stipulated to have been paid by them, respectively, under the terms of the ordinance. The defendants have appealed to this court.

Appellants should have appealed to the Appellate Court. The question of the invalidity of the ordinance has been

already adjudicated in this case. The record presents no ground for an appeal to this court. The single question on the record is whether the facts shown established payment under duress. The payments involved do not relate to the revenue within the meaning of section 118 of the Practice act, which authorizes appeals to the Supreme Court in all cases relating to the revenue. This language is intended to embrace public revenue, whether State or municipal, and all taxes and assessments imposed by public authority, but not suits for the recovery of fines or forfeitures or suits under contracts or for other dues to cities. *Webster* v. *People,* 98 Ill. 343; *Village of Lake Zurich* v. *Deschauer,* 310 id. 209.

The cause will be transferred to the Appellate Court for the First District.
*Cause transferred.*