JOSHUA L. MILLS, Executor, etc., of Eli R. Mills, deceased, Plaintiff in Error, *v.* ARNOLD THORNTON, Collector, etc., and the SCHOOL DIRECTORS of district number 3, Township 31 north, Range 1 west, in Putnam County, Defendants in Error.

### ERROR TO PUTNAM.

While personal property generally follows the residence of the owner, and is there taxable, yet if permanently located elsewhere, it may be taxed where so located.

A party who complains of a school tax as levied in a certain district, must show that the property was not taxable in such district.

THE plaintiff in error filed his bill in chancery showing that he is executor, etc.; that he is a resident tax payer of School District 8, Township 31 north, Range 1 west of the third principal meridian, and was such resident tax payer of said district before and at the time of taxes becoming chargeable for the year 1859, and as such resident tax payer of said district, listed for taxation for said year the personal property of said testator; that though plaintiff is not and was not a resident of school district three, in said township and range, nor liable to be charged with school taxes therein, there was wrongfully charged on said personal property school taxes for the year 1859 in favor of said school district three, to the amount of $119.23; that plaintiff was not informed of the return of said property for assessment of said school taxes in said district three, until long after the meeting of the assessor with the supervisor and town clerk for the correction of the assessor's list; that defendant Thornton, collector as aforesaid, was seeking to coerce payment of said school taxes upon said personal property for said district three, and had seized upon personal property belonging to said estate and in the hands of plaintiff, and advertised the same for sale, to make the amount of said taxes, and that the other defendants (the school directors) had combined with said collector to collect said taxes for the benefit of said district.

The bill prayed an injunction against defendant Thornton to prevent the collection of said school taxes, and that on the final hearing the same should be made perpetual and extend to said

school directors. Copy of letters testamentary, issued to said plaintiff in error, September 3, 1855, by order of the County Court of said county, was annexed to said bill.

An injunction was allowed.

The defendants were regularly brought into court.

The Circuit Court of Putnam county, at the March term, 1860, BANGS, Judge, presiding, dissolved the injunction, on motion of the defendants, and dismissed the bill for want of equity therein.

Plaintiff assigns for error, the dissolution of the injunction, the dismissal of the bill, etc.

T. E. SHAW, and T. DENT, for Plaintiff in Error.

GLOVER, COOK & CAMPBELL, for Defendants in Error.

CATON, C. J. As was said in *Railroad Company* v. *Morgan County*, 14 Ill. 163, " we think, with certain qualifications, personal property follows the residence of the owner, and is there taxable." This is so where the personal property is not permanently located in another place. If it be, then it may be taxed where it is thus permanently located. A resident of one place may have a farm, or a store, or a manufactory, in another, and the property permanently connected with either of these concerns would be properly taxable where such concerns were situated. This bill does not show that the property, upon which the tax complained of was levied, was not permanently located and established in district number three. Upon this point the bill is entirely silent, but seems to have relied upon the general principle that property follows the residence of the owner. As every reasonable presumption is against the pleader, we think that he should have shown affirmatively that the property was not taxable in district number three. This certainly he has not done, and the injunction was properly dissolved.

The decree must be affirmed.

*Decree affirmed.*