## George King *et al.*

### *v.*

## James McDrew *et al.*

1. Assessment of personalty for taxation — *in what county it must be done.* Under the revenue law of 1853, personal property must be listed for purposes of taxation, in the county, town or district where the owner resides, notwithstanding the property itself may remain, and be in use, in another county, as in case of farming implements, stock, etc., upon a farm.

2. Execution *cannot be awarded against a county.* It is erroneous to award an execution against a county, in a decree in chancery, as well as in a judgment at law.

Writ of Error to the Circuit Court of Kankakee county; the Hon. Charles R. Starr, Judge, presiding.

This was a bill in chancery exhibited in the court below, by James McDrew, collector of taxes for Kankakee county, George Hensler, collector of the town of Kankakee, in that county, the Board of Supervisors of Kankakee county, and

Lemuel Milk, against George King, collector of Iroquois county, W. H. Ingalls, collector of the town of Chebanse, in that county, and the Board of Supervisors of Iroquois county, to determine in which county, Kankakee or Iroquois, the said Milk, a resident of Kankakee county, should list for taxation, personal property owned by him, but remaining and in use on his farm in the town of Chebanse, in the county of Iroquois.

The bill was filed in March, 1862, and it is alleged that Milk, the complainant, then, and for some years previously had, resided in Kankakee county. That he owned a farm in the county of Iroquois, on which he was engaged in farming and stock raising. That other persons were connected with him in business on the farm, and had a share of the crops; that said Milk was on the farm more or less every week, and usually remained from Monday to Saturday. That he had sheep, horses, cattle, hogs, wagons, plows, etc., on said farm ; that both said counties claimed that he should list said personal property in them respectively, for the year 1861; and that he had listed said personalty so situated in the county of Iroquois, in the county of Kankakee, and was willing to pay the taxes thereon to the county entitled thereto.

An injunction was sought and granted, in order to enjoin the county of Iroquois from collecting a tax upon said property.

The cause was submitted for hearing, without formal pleadings, on the case as presented in the bill, and the Circuit Court decreed that the tax should be paid in the county of Kankakee, the county of the residence of the owner of the property, and that Iroquois county be forever enjoined from collecting the tax which had been assessed thereon.

The defendants below thereupon sued out this writ of error.

Messrs. WOOD & LONG, for the plaintiffs in error.

Mr. THOMAS P. BONFIELD, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court.

This is a contest as to which is the proper county, in which personal property belonging to complainant, should be listed for taxation. He resided in Kankakee county, but owned a farm in Iroquois county. He had furnished it with implements and stock necessary to prosecute the business of agriculture. Whilst he owned the property, other persons resided upon the farm and assisted in conducting the business, and were entitled to share in the profits. Complainant gave his personal attention to the business, remaining on the farm during the week, but returning home on Saturdays. The revenue officers of each county claimed the right to assess the property for taxation. It was accordingly assessed in each county, and the tax duly extended, and a warrant issued to a collector in each county. The bill was filed to stay the collection of the tax in one or the other of the counties. On a hearing in the court below, a decree was pronounced restraining the collection of the tax assessed in Iroquois county, decreeing the payment of the costs by that county, and awarding execution for their collection. The cause is brought to this court for the purpose of reversing the decree.

The fourth section of the revenue law of 1853, (Scates' Comp. 1049) provides that, "Real property shall be listed in the county, town or district where it belongs; personal property, moneys or credits, except such as is required to be listed otherwise, shall be listed in the county, town or district where the owner resides." This language is clear, explicit and unambiguous, and will not admit of construction. Unless this property is of the class excepted from this provision, the law is peremptory in requiring it to be listed in the county, town or district, where the complainant resides. The property falling within the exception is obviously such as is held by guardians, agents, and in other specified fiduciary relations. But we have been unable to find any provision which would require this property to be listed in Iroquois county. It is not claimed that it is owned by those residing on the farm where it is situated, but if it was, the

property is not listed in their names, as agent or otherwise. Under this provision the court below could not have done otherwise than enjoin the colletio nof the taxes assessed in Iroquois county.

In the case of *Mills* v. *Thornton*, 26 Ill. 300, this statute was not referred to, but the case was decided upon the forty-third section of the school law (Scates' Comp. 445), which authorizes a school tax to be levied by the directors, on all of the property in the school district, and to have the same collected. In that case, for aught that appeared, the property may have been permanently in the district within which it was listed, and if so, under this provision of the school law, it was liable for a school tax. The general rule is there recognized, that the proper place to list personal property is the residence of the owner; but for school purposes, if permanently situated in the district, it would be liable to be listed for school taxes; but for county and other purposes, not forming an exception to the rule, it must be listed at the place of the residence of the owner.

But the court erred in awarding execution against the county for the collection of the costs. It is provided by the twentieth section of the chapter regulating judgments and executions (Scates' Comp. 300), that nothing in that chapter shall authorize any execution to be issued against the lands or other property of any county of this State. But it is made the duty of the county authorities to order a warrant to be drawn upon the treasurer for the amount of the judgment. It is true that the section relates to judgments, but the prohibition from awarding execution relates to all cases, and is sufficiently comprehensive to embrace executions upon decrees, and they are manifestly within the spirit of the enactment.

The decree of the court below is reversed so far as it awards execution against Iroquois county, but is affirmed in all other things.

*Decree modified.*