LENA ELLIS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 25, 1902—Rehearing denied December 11, 1902.*

1. APPEALS AND ERRORS—*when an objection that authority to sue for taxes is not shown comes too late.* While it is true that the State's attorney cannot, of his own motion, begin and carry forward an action of debt for general taxes, yet the objection that his authority to sue is not shown comes too late on appeal.

2. TAXES—*what an admission of ownership and value of property in suit for taxes.* In an action of debt for general taxes upon personal property for the years 1899 and 1900, proof of the payment by the defendants, through their agent, of the State and county taxes for 1899 and a tender of the State and county taxes for 1900, amounts to an admission of the ownership of the property and its value.

3. SAME—*credits should be assessed where owner resides.* Money and choses in action belonging to a resident of this State should be assessed where the owner has his residence, even though they are in the actual possession of an agent who resides in another township.

4. SAME—*board of review has power to transfer assessment from one township to another.* A board of review has power, without notice to the owner of mortgages and credits, to transfer the assessment thereof from the books of the township where the owner's agent resides to the books of the township where the owner resides, even

though they are in the actual possession of the agent and the tax rate is higher in the latter township than in the former.

5. SAME—*suit for taxes is properly brought in the name of the People.* An action of debt for general taxes for the years 1899 and 1900 is properly brought in the name of the People, notwithstanding the State and county taxes for 1899 were paid and the State and county taxes for 1900 were duly tendered.

APPEAL from the Circuit Court of Greene county; the Hon. O. P. THOMPSON, Judge, presiding.

H. H. MONTGOMERY, and MARK MEYERSTEIN, for appellants.

E. W. PAINTER, State's Attorney, (J. B. NULTON, and NORMAN L. JONES, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of debt against Lena Ellis and Mary Ellis, appellants, brought by the People of the State of Illinois to recover the general taxes for the years 1899 and 1900 assessed on the personal property of appellants. The declaration alleged that appellants were the joint owners of certain moneys, notes, mortgages and credits on the first day of April, 1899, and the first day of April, 1900; that appellants were residents of the city of Carrollton, in Greene county, and that said taxes were due and unpaid, except as to the State and county taxes for 1899, which had been paid. Appellants pleaded *nil debet* and tender of the State and county taxes for 1900. The trial was had before the court by agreement, and the court found the issues for appellee. Motions for new trial and in arrest of judgment were made and overruled and judgment entered against appellants, jointly, for the whole amount claimed, $623.16. Appellants have appealed from the judgment to this court.

Taking the objections as they arise in chronological order on the record, the first is, that no authority was shown from the board of supervisors to institute the suit. The suit is brought by the State's attorney, assisted by

other attorneys. While it is true that the State's attorney cannot, of his own motion, begin and carry forward proceedings of this character, (*Ottawa Gas Light Co.* v. *People*, 138 Ill. 336,) this objection comes too late in this court. It should have been made at the earliest opportunity in the trial court.

The next objection is, that there was no evidence that appellants owned the property alleged in the declaration to have been owned by them, on the first day of April, 1899, and the first day of April, 1900, and what its value was, and that the court should have sustained their motion to exclude appellee's evidence, because it neither established nor tended to establish appellee's right to recover in this case. Appellee offered in evidence the tax books for the years 1899 and 1900, showing the delinquent taxes and the collector's return, and proved by the county treasurer that the State and county taxes for 1899 had been paid by an agent of appellants, but that the town tax, road and bridge tax, city tax for the city of Carrollton and school tax were unpaid, and that the State and county taxes for 1900 were tendered him by appellants but that he refused to receive them, and that all taxes for 1900 were unpaid. The records of the board of review for 1899 were introduced, showing that the matter of the assessment against appellants had been taken up, and contained the following: "It appearing that the said Lena and Mary Ellis had caused their personal property in moneys and credits to be given in to the assessor in Rubicon township by A. C. Ellis, who claimed to be their agent, the clerk was instructed to take from the Rubicon assessment book the assessment listed to A. C. Ellis, agent, to the amount of $27,000, and list the same to Lena and Mary Ellis in the town of Carrollton, Greene county, Illinois." The record of the board of supervisors was also introduced, and showed that H. H. Montgomery, representing appellants, had appeared before the board in the matter of this assess-

ment and transfer from the town of Rubicon, "where it had been given in by A. C. Ellis, agent." The ownership and value of the property were admitted by the payment of the State and county taxes for 1899 and the tender of the same taxes for 1900, and there was other evidence sufficient to prove the allegations of the declaration in this regard.

The next objections are, that the property of appellants was not subject to taxation in the town of Carrollton but in the town of Rubicon, and that their residence was not in the city of Carrollton on April 1, 1899, and April 1, 1900. The questions raised involved the residence of appellants and the *situs* of the property. The father of appellants resided in Rubicon township up to the time of his death, in 1869, and from that time until her death, in 1875, the widow lived in the city of Carrollton with Mary Ellis, and since the widow's death Lena Ellis has been living with her sister in Carrollton. It is claimed that they have always maintained a home at the house of their cousin, A. C. Ellis, in Rubicon township, and have household goods at his house. It is not claimed that they lived on their father's farm. Mary Ellis has a small house in the city of Carrollton and they have their domicil there, but the evidence shows they have been away nearly half the time, visiting different portions of the United States. They have never had the actual possession of their moneys, bonds, stocks, mortgages or credits assessed, but these have been in the hands of William Ellis and his son, A. C. Ellis, ever since the death of appellants' father, and have always been kept by their said agents in Rubicon township, and had always been listed for taxation in Rubicon township to A. C. Ellis, as agent of appellants. The court found that appellants' residence was in the city of Carrollton, and we think the evidence sustains the finding. The law is, that money and choses in action have no *situs* but follow the residence of the owner, and the property of appel-

lants would accordingly be properly listed in the city of Carrollton.

It is, however, contended, that as the money and choses in action were actually situated, in the hands of an agent, in Rubicon township, they should be assessed to the agent there, according to section 9 of the Revenue act, which provides that "the property of manufacturers and others, in the hands of agents, shall be listed and assessed at the place where the business of such agent is carried on." Section 7 provides that personal property shall be listed and assessed where the owner resides. While it has been held that tangible personal property can have a *situs* different from that of the owner, (*Mills* v. *Thornton*, 26 Ill. 300,) it has also been held that debts and choses in action are a species of intangible property and for purposes of taxation follow the domicil of the owner, but that when the owner is not a resident of this State and has the evidences of his credits in the hands of an agent in this State, then such credits are to be assessed in the hands of the agent. *Goldgart* v. *People*, 106 Ill. 25; *Scripps* v. *Board of Review*, 183 id. 278; *Hayward* v. *Board of Review*, 189 id. 234; *Matzenbaugh* v. *People*, 194 id. 108.

It is next contended that the board of review had no authority, in law, to transfer the property of appellants, for taxation, from the lists of Rubicon township to those of Carrollton township, and that if it had such power the transfer could not lawfully be made without notice to the owners or their agent, and that the action of the supervisor of assessments in making the assessment and listing this property in Carrollton township, based on the action of the board of review, was without authority of law. The action of the board of review in 1899 in the matter has been quoted above. For 1900 the supervisor of assessments assessed the property in Carrollton township, basing his action on the action of the board of review for the previous year. It is provided in the act for the assessment of property, passed February 25, 1898, in

the second paragraph of section 35, (Hurd's Stat. 1899, p. 1452,) that the board of review "shall have full power over the assessment and may do anything in regard thereto that the assessors might and could have originally done, but no assessment shall be increased until the person or corporation to be affected shall have been notified and given an opportunity to be heard." And section 22 provides: "The supervisor of assessments of the county shall have the same authority as the township assessor to assess, make changes or alterations in the assessment of property." Under the authority of the sections quoted, the board of review and the supervisor of assessments have the same power as the assessors. Can it be denied that the assessor of Carrollton township had the power to list the credits of appellants in his township if he believed they ought to be listed there, or that the assessor of Rubicon township could omit to assess them, or strike them from his assessment roll before returning the same, if he became convinced it was not proper to assess them for taxation in his township?

The same act further provides (sec. 27) that the supervisor of assessments, when requested, shall deliver to any person a copy of the description, schedule, return or statement of property assessed in his name or in which he is interested, and the valuation placed thereon by the assessor or the board of review; and in section 29, for the publication of the completed assessment roll in some public newspaper. No other notice is provided, except in case of increase of assessment. It is claimed that the transfer of this property from the tax lists of Rubicon to those of Carrollton township increased the rate of taxation, and that therefore a notice should have been sent appellants before making the transfer. This could not be presumed as a matter of law and there was no proof of any such fact. The statute provides for notice only when the assessment is increased, and here there was no increase of the assessment.

It is also claimed by appellants that the county board was the proper body to decide where the personal property of appellants should be listed, citing section 23 of the Revenue act of 1872. Having appeared before the county board having under consideration the action of the board of review in making the transfer, and the transfer having been sustained by the board of supervisors, appellants cannot now be heard to complain.

It is further urged, that as the State and county taxes for 1899 were paid and those of 1900 duly tendered, the suit was improperly brought in the name of the People. This contention has been settled by *Ottawa Gas Light Co.* v. *People*, 138 Ill. 336, where it was said (p. 345): "The right of recovery is in the People of the State of Illinois, in whose name the suit may be instituted for the recovery of all taxes due and unpaid, and it is unimportant that a portion sued for may be due to the State, another to the county and still other parts of it to various municipal and *quasi* municipal corporations within the county, to whom it must, upon collection, be finally distributed."

The last objection to be noticed is, that the personal property so assessed was not owned by appellants in equal shares, and that it was error to enter judgment against them jointly. The only evidence on the subject was the testimony of their agent, who said that they did not own the $27,000 equally, but it was not shown what the interest of each was. The property was listed to them jointly, they paid the State and county taxes for 1899 jointly and tendered the same taxes for 1900 jointly, both to the county treasurer and in their plea. It nowhere appears that they had ever before insisted that the property of each one should be listed and assessed and the taxes thereon paid separately. From a consideration of the entire evidence we find no error in this regard was committed.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*