## W. A. Keithley, Appellee, v. County of Clark, Appellant.

1. APPEAL AND ERROR, § 292*—*what is final judgment.* The judgment of a court denying a motion to vacate a judgment is a final judgment from which an appeal may be taken.

2. APPEAL AND ERROR, § 551*—*necessity of taking and preservation of exceptions.* The taking and preservation of exceptions on the trial of a case is unnecessary.

3. ATTORNEY AND CLIENT, § 66*—*right of attorney to make stipulation.* Where an attorney is authorized to represent a client in a lawsuit, his authority extends to the right to stipulate on trial.

4. ATTORNEY AND CLIENT, § 52*—*when attorney presumed to be authorized to represent party.* It must be presumed that where an attorney appears as counsel for a party he is authorized to represent such party.

5. STATE'S ATTORNEY—*when has authority to enter into stipulation of facts.* A State's Attorney, being directly authorized by Rev. St. ch. 14, sec. 5 (J. & A. ¶ 616) to defend all actions brought against his county, has authority to enter into a stipulation of facts on the trial of the case.

6. STIPULATIONS, § 19*—*when enforced.* Courts look with favor upon stipulations designed to simplify or settle litigation and save

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

costs to parties, and will, when called upon in any appropriate manner, compel parties to observe such stipulations unless they are illegal or contrary to public policy.

Appeal from the Circuit Court of Clark county; the Hon. AUGUS-TUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

E. D. JONES, for appellant; JOHN J. ARNEY, of counsel.

EVERETT CONNELLY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Judgment was entered in this case in favor of appellee against appellant for the sum of $106 and costs on the 11th day of July, 1916. Thereupon appellant prayed for and was allowed an appeal to this court and sixty days were permitted in which to file its bill of exceptions. On the 12th day of July, 1916, appellant made a motion in said cause to vacate all motions, orders and judgments theretofore made at said term. On the next day, July 13th, this motion was overruled. No appeal was taken from the ruling of the court on the motion. The bill of exceptions filed in this court contains the proceedings had upon this motion, and the action of the court in overruling the same is assigned as error on the record. Motion was made by appellee in this court to strike from the bill of exceptions everything therein shown to have transpired after the order granting the appeal from the original judgment, which motion was taken with the case and will be first disposed of. The judgment of the court denying a motion to vacate a judgment is a final judgment from which an appeal may be taken. *City of Park Ridge v. Murphy,* 258 Ill. 365. The judgment of the court below overruling the motion to vacate the judgment was a final judg-

ment from which no appeal was taken by appellant, and the proceedings in regard thereto have no place in the record on this appeal from the original judgment and the motion of appellee will be allowed.

This case originated by appellee filing a claim with the Board of Supervisors of Clark county for $106 damages, based upon the refusal of said board to permit him to print the judicial ballots for the judicial election held in June, 1915. Appellee appealed to the Circuit Court where, a jury having been waived, the case was tried by the court upon a stipulation of facts and judgment was entered in favor of appellee for the amount of the claim.

It is first insisted by appellee that this court cannot consider any of the errors assigned for the reason that appellant did not take any exceptions to the judgment, or to any of the proceedings in the court below. The taking and preservation of exceptions on the trial of a case are no longer necessary. *Miller v. Anderson,* 269 Ill. 608; *Dunne v. County of Rock Island,* 273 Ill. 53.

Appellant in the court below was represented by the State's Attorney, and he, together with counsel for appellee, signed a written agreed statement of facts in which it is stipulated that on the 9th day of June, 1914, the board of supervisors, after having duly advertised for bids for the county printing, accepted the bid of appellee and entered into a written contract with him for all the printing to be done for the county for one year beginning on June 9, 1914; that among the items mentioned in the contract it was agreed appellee was to furnish the following: General election ballots at the price of $0.75 per 100, sample ballots at $0.50 per 100, and election notices at $0.18 each; that this contract was in force when it became necessary for the ballots and notices for the judicial election in June, 1915; that appellee demanded of the county clerk that

he be allowed to print the ballots, which the latter refused to do, but gave the contract for the printing of the same to another person; that appellee was properly equipped and ready and willing to do the work according to the contract; that appellee filed his claim before the board of supervisors at its September meeting 1915 for $106 for damages for breach of contract; that the same being the difference between the contract price and the cost of printing and delivering the ballots in question; that the county board disallowed the claim in whole and that appellee perfected his appeal to the Circuit Court.

There were other matters in the stipulation concerning a prior suit between the same parties upon the same contract in which a judgment had been rendered in favor of appellee, and it is urged by appellee that the judgment in that case is an estoppel by verdict of all the errors assigned in this case. From the point of view we take of this case it is unnecessary to determine that question.

The principal contention of appellant is that the State's Attorney had no authority as such to make the stipulation on behalf of the count. It is well settled that if an attorney is authorized to represent a client in a lawsuit his authority extends to the right to stipulate on the trial. (*Wilson v. Spring,* 64 Ill. 14) ; and the presumption of law is that where an attorney appears as counsel for a party he is presumed to be authorized to represent such party. *City of Belleville v. Citizens' Horse Ry. Co.,* 152 Ill. 171; *Lawrence v. Jarvis,* 32 Ill. 304; *People v. Parker,* 231 Ill. 481; *Butts v. Peoria County,* 226 Ill. 270; *Ellis v. People,* 199 Ill. 548.

Section 22 of article VI of the Constitution provides:

"At the election for members of the General Assembly in the year of our Lord 1872, and every four years thereafter, there shall be elected a State's Attorney in and for each county in lieu of the State's Attorneys

now provided by law, whose term of office shall be four years.''

In the enumeration of duties of a State's Attorney, the statute provides in the fourth paragraph of section 5, chapter 14, Rev. St. (J. & A. ¶ 616), as follows:

''To defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county.''

Thus the statute specifically makes the State's Attorney the proper legal attorney to the county in all actions brought against it. The Attorney General has the power to enter into stipulations in suits which he is authorized to conduct as such. *People v. Spring Lake Drainage & Levee Dist.,* 253 Ill. 479; *Spring Lake Drainage & Levee Dist. v. Stead,* 263 Ill. 247. There is no apparent reason, and none has been suggested, why the State's Attorney, who is directly authorized and directed by the law to act as the attorney for the county, should not have authority to enter into a stipulation of facts. Courts look with favor upon stipulations designed to simplify or settle litigation and save costs to the parties, and will, when called upon in any appropriate manner, compel parties to observe such stipulations unless they are illegal or contrary to public policy. Such stipulations will be enforced by the courts in a summary manner, and it is the policy of the courts to enforce them if fairly made. *People v. Spring Lake Drainage & Levee District, supra.*

The stipulation in this case warranted the judgment in favor of appellee, and it is therefore affirmed.

*Affirmed.*