D. B. SMITH *et al.*

*v.*

D. H. KOCHERSPERGER, County Treasurer.

| 173 | 201 |
| 180 | 528 |
| 180 | 529 |
| 173 | 201 |
| 112a | 626 |

*Opinion filed April 21, 1898.*

1. PLEADING—*motion to dissolve injunction for insufficiency of bill is, in effect, a demurrer.* A motion to dissolve a temporary injunction, based solely upon the alleged insufficiency of the allegations of the bill, is properly treated as a demurrer.

2. PARTIES—*a city is a necessary party to a bill to enjoin sale for its delinquent assessment.* A city is a necessary party to a bill to enjoin the county collector from selling property for a delinquent special assessment levied by such city, where the bill does not challenge the regularity of the judgment nor the legality of any act of the

collector nor his omission of any duty, but only the right of the city to recover the assessment.

3. SAME—*necessary parties must be brought in before proceeding to final decree.* Where the issues raised by a demurrer to a bill for an injunction cannot be finally determined without materially affecting the rights of an individual or corporation not a party to the proceeding, such individual or corporation must be brought in as a party before proceeding to final decree.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

SAMUEL J. HOWE, and N. H. HANCHETTE, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellants to enjoin the appellee, the county treasurer and *ex officio* collector of Cook county, from selling certain lands and town lots, the property of the appellants, respectively, by virtue of a judgment rendered against said lots and tracts of land by the county court of Cook county for delinquent special assessments. A preliminary injunction was issued, in accordance with the prayer of the bill. The appellee did not file an answer, but entered his motion to dissolve the injunction, which motion the court granted, and also granted and entered a decree dismissing the bill for want of equity,

The grounds of the motion are not set forth, but it is apparent from the record that the motion was based solely upon the alleged insufficiency of the allegations of the bill. It was therefore proper to treat it as a demurrer to the bill. High on Injunctions, sec. 1706.

The bill does not challenge the regularity or validity of the judgment, the propriety or legality of any act of the appellee officer, nor does it allege the officer omitted

to perform his duty in any respect.   The grounds relied upon to support the prayer of the bill are alleged acts and omissions on the part of the city of Chicago.   It appears from the allegations of the bill the city is the only person beneficially interested in the collection of the tax sought to be enjoined.   It is therefore necessary to a proper disposition of the case the city should be made a party to the proceeding.   *Knopf* v. *Chicago Real Estate Board*, (*ante*, p. 196.)

It appears from the allegations of the bill the city of Chicago adopted an ordinance providing for the construction of a receiving well and pumping works at or near Indiana avenue and One Hundred and Sixteenth street, and a system of infall sewers to convey water to the said receiving well and an outfall sewer to receive the water discharged by the pumping works; that it was provided by the same ordinance that storm-water sewers should be constructed in each of the following streets, viz., One Hundred and Third, One Hundred and Seventh, One Hundred and Thirteenth and One Hundred and Fifteenth streets; that after judgment had been entered confirming the estimate of the cost of the said improvement the city of Chicago adopted another ordinance, providing for the construction of sewers in the same territory for the purpose of draining a portion of the same streets and territory designed to be drained by the sewers provided for by the first ordinance; that the city abandoned the construction of all that part of each of the sewers in One Hundred and Third, One Hundred and Seventh, One Hundred and Thirteenth and One Hundred and Fifteenth streets between State street and the alley west of Michigan avenue, and constructed the remaining portion of said sewers in said streets on an entirely different plan from that contemplated by the ordinance; that these sewers were designed by the ordinance to connect with and discharge their sewerage into an existing sewer which led from a point near the track of the Illinois Central

Railroad Company to Lake Calumet, but were so constructed as to tap the infall sewer on Indiana avenue leading to the pumping station and to discharge their contents into such infall sewer; that in order to so reach and tap said infall sewer the said sewers in One Hundred and Seventh, One Hundred and Thirteenth and One Hundred and Fifteenth streets were made four feet deeper than the ordinance provided, the increased depth being attended by great additional cost; that house-slants not provided for by the ordinance were constructed, leading into these sewers from each twenty-foot lot on both sides of the streets, at great expense, and that a number of catch-basins along the sewer in One Hundred and Thirteenth street, not provided for by the ordinance, were constructed by the city at great expense; that the location of the outlet of the outfall sewer and the route of said sewer were changed and a different and more expensive outlet and route adopted, etc. The bill alleged the appellants were ignorant of the matters alleged therein at the time of the rendition of the judgment.

We do not refer to other complaints set out in the bill for the reason it is not our purpose to pass upon the sufficiency of the bill, but to show that it contained allegations raising questions as to the right to recover the assessment, of such serious importance that it is necessary the city should be made a party to the proceeding and should be heard in its own defense.

For the reason a final determination of the issues raised by the demurrer cannot be made without materially affecting the rights and interests of the city, the decree will be reversed and the cause remanded, with directions to the Superior Court to require the city to be joined as party defendant before proceeding to a final decree in the cause.          *Reversed and remanded.*