S. S. Peters, Defendant in Error, *vs.* Scott Harris, Plaintiff in Error.

*Opinion filed June 29, 1910.*

1. Injunction—*when objection that an injunction was granted without notice cannot be urged.* Where a proceeding has passed to a final decree making an injunction perpetual, if the proof justifies such decree no advantage can be taken, on appeal, of the fact that the preliminary injunction was granted without notice to the defendant.

2. Same—*exception to rule that equity will not enjoin a trespass.* The general rule that an injunction will not be granted to restrain a threatened trespass where the complainant has a full and adequate remedy at law, which has not been exhausted, is subject to the exception that equity will not require complainant to resort to law to determine a matter already finally adjudicated.

3. Same—*when equity will enjoin interference with the possession and compel removal of fence.* Where the true boundary line between the plaintiff's and defendant's lands has been determined in an ejectment suit, but the defendant, without appealing, proceeds to build a fence part way across the plaintiff's land on another line encroaching upon the true boundary as adjudicated in the ejectment suit, a court of equity will restrain interference with the complainant's possession and compel the removal of the fence.

4. Costs—*when appellant should pay costs in Supreme Court.* Where a judgment is reversed by the Supreme Court upon cross-error the appellant should pay the costs in that court.

Cartwright and Hand, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

JOHN E. JENNINGS, and JOHN A. BINGHAM, for plaintiff in error.

E. J. MILLER, and J. K. MARTIN, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Scott Harris, the plaintiff in error, and S. S. Peters, the defendant in error, own adjoining tracts of land in Moultrie county, the Harris tract lying immediately north of the Peters tract. Peters purchased the south tract in 1877 and Harris purchased the north tract in 1904. At the time Harris became the owner of the north tract it was separated from the Peters tract by an old wire fence, which, instead of extending in a straight line, curved to the north, so that the middle of the fence was several feet north of the ends. Soon after Harris purchased the north tract he requested Peters to join with him in building a new division fence. Peters consented, and it was agreed that the new fence should be built on a straight line instead of following the curve of the old fence. Peters was sick and unable to personally attend to the construction of his part of the division fence, and sent an employee to assist Harris in establishing a straight line between the two tracts and in erecting the new fence thereon. Instead of running the line from one end of the old fence to the other end, according to the agreement with Peters, Harris commenced at a point on the west line of the Peters tract six and one-half feet south of the west end of the old fence and thence extended the line directly to the east end of the old fence, and with the assistance of the employee furnished by Peters constructed the new fence on that line. When Peters discovered that the west end of the fence had been changed he brought a suit in ejectment in the circuit court of Moul-

trie county against Harris for the recovery of the triangular strip of land lying between the new fence and a line extended from the west end of the old fence to the east end thereof. Upon a trial before a jury a verdict was returned finding the defendant guilty and finding Peters' estate in the triangular strip to be a fee simple, and judgment was duly rendered upon this verdict. Thereafter Harris was granted a new trial under the statute, which resulted in the same verdict and judgment as at the former trial. A writ of possession was thereupon issued to the sheriff, who returned the same with an endorsement thereon that he had served it by delivering to Peters the parcel of land described in the writ on July 2, 1907, and by delivering to Harris a copy of the writ on July 3, 1907. After the termination of the ejectment suit and after the execution of the writ of possession Harris caused his land to be surveyed with reference to determining the line between these two tracts, and, commencing at a point on the west line of the Peters tract about eighteen feet south of the west end of the old fence, constructed a fence one-half the distance across said tract, which fence, if extended across the tract, would intersect the east line thereof at a point about sixteen feet south of the east end of the old fence. Peters thereupon filed his bill of complaint in the circuit court of Moultrie county, setting up the above facts. The prayer of the bill was that Harris be estopped from claiming or interfering with Peters in his possession of any part of the land south of the line of the old division fence between the two tracts of land; that the evidence of Peters' possession thereof for a period of over twenty years be perpetuated; that Harris be permanently enjoined from in any manner interfering with Peters' possession of said land or any part thereof and from instituting any proceedings in court for the recovery thereof, and for general relief. The bill was verified by complainant, and an affidavit made by Peters was attached thereto stating that his rights would be un-

duly prejudiced if the injunction be not issued immediately or without notice to the defendant. The bill and affidavit were on December 28, 1907, presented to the circuit judge who afterwards heard the cause, and he on the same day ordered that a writ of injunction issue as prayed in the bill upon complainant entering into bond. At the March term, 1908, of court, Harris entered his motion to dissolve the injunction, one of the grounds thereof being that the injunction was granted without notice to defendant. The motion was denied. The bill was subsequently amended by praying, in addition to the relief originally sought, that Harris be required to remove the fence which he had constructed on Peters' land after the termination of the ejectment suit. Harris filed an answer in which he admitted that complainant was then in possession of the strip of land in controversy. The complainant filed a replication thereto, and the cause was referred to the master to take the evidence and report the same to the court without conclusions. Upon the evidence taken before the master the court entered a decree at the September term, 1908, making specific findings in accordance with the facts as herein above set out and in accordance with evidence offered by Peters showing that the old division fence between the two tracts of land had been erected about twenty-eight years ago by agreement between Peters and one Freeman, who was then the owner of the tract now owned by Harris, and that Peters had ever since, until Harris constructed the new fence, in 1905, been in the open and exclusive possession of all the land south of the old fence. The decree orders that the evidence of Peters' possession of the strip of land in dispute be perpetuated and that Harris be enjoined from claiming or in any manner interfering with the complainant in his possession of any part of said real estate lying south of the old division line of fence between the two tracts of land or from instituting any proceeding in any court for the recovery thereof. Harris has brought

the record to this court for review by writ of error, and complains of the action of the circuit court in denying the motion to dissolve the injunction at the March term, 1908, and in granting the relief awarded by the decree entered upon the final hearing of the cause.   Defendant in error has assigned cross-error questioning the action of the circuit court in refusing to award an injunction commanding Harris to remove the fence which he erected upon Peters' land after the termination of the ejectment suit.

Plaintiff in error objects that the preliminary injunction should not have been granted without notice to him, and that the same should have been dissolved, upon motion, for this reason.   This matter has passed to final decree making the injunction perpetual, and if the proof justifies this decree no advantage can now be taken of the failure to give the notice.   *Brown* v. *Luehrs,* 79 Ill. 575.

Plaintiff in error urges as a ground for reversal that the court erred in its decree perpetuating the testimony of defendant in error as to his possession of the strip of land in controversy.   If there was any error in this it was not such as to prejudice or injure the plaintiff in error.   By seeking this relief defendant in error did not impose any additional burden upon plaintiff in error in regard to making his defense.   The injection of this feature into the bill in nowise affected the merits of the case and had no bearing upon the final result, and the order perpetuating the testimony cannot prejudice plaintiff in error in the least.

Plaintiff in error urges that equity will not take jurisdiction to enjoin a threatened trespass and has cited a number of authorities to sustain his position.   These authorities state the general rule of law correctly.   As a general rule, an injunction will not be granted where the complainant has a full and complete remedy at law, so long as such remedy at law has not been exhausted.   There is, however, a well defined exception to this rule.   The real matter in dispute between the parties to this cause is the true loca-

tion of the boundary line between their two tracts of land.
This matter was the sole question in issue between them
upon the two trials in the suit in ejectment. The result of
each of these trials was the same, and the judgment of the
court was that the boundary line between the lands of the
parties was at the place contended for by defendant in er-
ror. Although plaintiff in error did not appeal from the
judgment rendered against him in the ejectment suit and
did not seek in any way to have the same reviewed, he
elected to disregard that adjudication and attempted to fix
a new boundary line between his lands and those of defend-
ant in error. The law does not impose upon defendant in
error the duty of again resorting to a court of law to de-
termine anew that which has already been conclusively de-
termined as between him and plaintiff in error. If, after
such final adjudication of the sole matter in dispute be-
tween them, the plaintiff in error sees fit to disregard the
judgment of the court and to proceed as though no ad-
judication had been had as to the matter in controversy,
a court of equity will afford relief to defendant in error.
"Where a complainant has already sufficiently established
his right at law and yet is in danger of being harassed by
fresh attempts to interfere with such right, a court of equity
will grant a perpetual injunction to quiet his possession and
protect him against the annoyance of future suits. Courts
of law, in some cases, have not the power of putting an
end to vexatious and oppressive litigation, and courts of
equity will assume jurisdiction in order to do so. Although
it must appear that the right has already been satisfactorily
established at law before equity will interpose, it is not
material what number of trials have taken place,—whether
two, only, or more." (*Pratt* v. *Kendig,* 128 Ill. 293.)
This principle is as applicable to cases like the one at bar,
where the complainant seeks to enjoin the commission of
an act that will again require him to resort to an action
at law to have re-determined a matter already finally ad-

judicated, as to cases where he seeks to enjoin the bringing of an action at law in respect to matters which have been adjudicated. The grounds relied upon by plaintiff in error do not warrant a reversal of the decree.

Defendant in error has assigned as cross-error the action of the court in refusing to award him an injunction commanding plaintiff in error to remove that portion of the fence which had already been erected upon the land of defendant in error. Plaintiff in error in his answer admitted that defendant in error was, at the time of the filing of his bill, in possession of the strip of land in controversy, but averred that plaintiff in error was entitled to possession of the same and had placed that part of the fence then erected, upon the true line between the lands of the parties. The question of the true boundary line having been finally adjudicated in the ejectment suit, defendant in error was entitled to the full relief prayed in his bill, and the court erred in refusing to issue a mandatory injunction, in addition to the relief granted, requiring plaintiff in error to remove that portion of the fence which he had already erected upon the lands of defendant in error.

For the failure to grant the full relief prayed, the decree of the circuit court is reversed and the cause is remanded to that court, with directions to enter a decree in accordance with the prayer of the amended bill. The judgment being reversed on cross-error, the plaintiff in error will pay the costs in this court. Defendant in error, Peters, having died since this cause was taken, judgment will be entered as of the date of submission.

*Reversed and remanded, with directions.*

CARTWRIGHT and HAND, JJ., dissenting: We do not think the freehold was involved in this case so as to give this court jurisdiction.