(No. 13112.—Reversed and remanded.)
PATRICK O'DONNELL, Appellant, *vs.* W. W. GEARING,
Appellee.

*Opinion filed February 18, 1920.*

1. INJUNCTION—*motion to dissolve temporary writ admits material allegations of bill.* A motion to dissolve a temporary writ of injunction and dismiss the bill without answering it operates as a demurrer and admits all the material allegations of the bill.

2. SAME—*when equity will restrain threatened trespass.* Equity will not restrain a trespass unless some element or condition exists which renders a remedy at law inadequate, but where a defendant, admittedly without right, proposes to enter upon and take possession of land for his own purposes, the complainant cannot protect his property except by resort to a court of equity for an injunction.

3. SAME—*when injunction will issue against commissioner of highways.* Where a commissioner of highways or a municipality attempts, without claim of right, to take possession of land, injunction is the proper remedy.

APPEAL from the Circuit Court of Jersey county; the Hon. FRANK W. BURTON, Judge, presiding.

G. G. REARDON, for appellant.

CHAPMAN & DuHADWAY, and PAUL M. HAMILTON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Jersey county dissolving a temporary injunction on motion and dismissing the bill for want of equity.

Complainant is the owner of certain lands described and defendant is the commissioner of highways of Quarry township, in which the lands are situate. The bill describes the southwest quarter of the northwest quarter of section 2 and the east half of the southeast quarter of the northeast quarter of section 3, in said township, as the lands owned by complainant, and alleges there is a public highway running

diagonally across the forty-acre tract in a northeasterly and southwesterly direction, known as the Jerseyville and Grafton road. The bill sets out in detail complainant's title to the sixty acres, and alleges complainant and his predecessors in title have been in the open, notorious, adverse, exclusive, undisputed and uninterrupted possession of the land from the time it was entered from the United States government, in 1835, down to the present time; that defendant is commissioner of highways of Quarry township, and as such commissioner claims a strip of land fifteen feet wide off the south side of said two tracts of land, extending west from the Jerseyville and Grafton highway; that defendant claims said strip of land is a public highway; that complainant's fence is located on said strip of land and is an encroachment upon the public highway; that defendant has served a notice upon complainant in writing that said fence is an encroachment upon the public highway running west from the Jerseyville and Grafton road on the east and west half section line through sections 2 and 3, one-eighth of a mile into section 3; that said road is thirty feet wide, and said notice directed complainant to remove his fence from the highway within ten days. The bill further alleges defendant, as such commissioner of highways, threatens to enter upon complainant's lands and remove the fence, and that complainant will be greatly damaged thereby; that the strip of land fifteen feet in width claimed to be a public highway is not now and never has been a public highway; that the fence complainant was notified to remove is not located on and is not an encroachment upon a public highway, but belongs to, is owned by and is located upon land in the possession of and owned by complainant in fee simple. The bill further alleges there is no way by which complainant can peaceably prevent defendant from committing the threatened trespass except by the interference of a court of equity; that complainant cannot peaceably assert and maintain his rights in and to the land claimed by defendant to

be a public highway and the fence claimed by defendant to be an encroachment upon said highway without great friction, leading possibly to strife and ultimately leading to breaches of the peace and acts of violence; that irreparable mischief will result and defendant be subjected to a multiplicity of lawsuits unless prevented by the interference of a court of equity. A perpetual injunction is prayed enjoining defendant from carrying into effect his threats to remove the fence and from instituting any suits at law for a failure of complainant to remove said fence. In the absence of a judge from Jersey county application was made to the master in chancery for a temporary writ, which the master ordered issued. Defendant did not answer the bill but filed a motion in the circuit court for a dissolution of the temporary writ of injunction and the dismissal of the bill, on the grounds (1) that there is no equity on the face of the bill; (2) that complainant has a complete and adequate remedy at law; (3) that the bill does not state facts which entitle complainant to the relief prayed or any part thereof. On hearing of the motion the circuit court entered a decree dissolving the temporary injunction and dismissing the bill for want of equity. Complainant prosecuted an appeal to the Appellate Court for the Third District, and that court transferred the cause to this court on the ground that a freehold was involved.

The motion to dissolve the temporary writ of injunction and dismiss the bill operated the same as a demurrer and admitted all the material allegations of the bill. (*Smith* v. *Kochersperger,* 173 Ill. 201; *Leonard* v. *Garland,* 252 id. 300; *Durand* v. *Dyson,* 271 id. 382.) Material allegations of the bill admitted by defendant are, that the fifteen-foot strip of land is owned by complainant; that he and his predecessors in title have owned and been in possession of it since 1835; that it is not now and never has been a public highway; that defendant has notified complainant to remove his fence within ten days, and threatens, unless he

does so, defendant will enter upon the land, remove complainant's fence and appropriate the land to use as a public highway. We apprehend that if issues were ever made for a hearing it would develop that there is a dispute as to whether the fifteen-foot strip of land is part of a public road, but as the question is presented on this record, defendant admits it is not and never was a public highway but that he threatens to forcibly remove the fence and appropriate the land to the public use for highway purposes. Defendant is in the attitude of threatening to commit a willful and wanton injury upon complainant's property without pretense of lawful right. In this respect the case is unlike *Commissioners of Highways* v. *Green*, 156 Ill. 504, *Taylor* v. *Pearce*, 179 id. 145, and other cases relied upon by appellee. In those cases the bills were answered and complainant's title disputed, which is not the case here. The bill in this case does not allege facts showing that a multiplicity of suits will result if the injunction is not granted, nor any particular or special facts upon which the allegation of irreparable injury is based.

It has been laid down as a general rule that equity will not restrain a trespass but complainant will be left to his remedy at law, unless some element or condition exists which would render the remedy in a court of law inadequate, but we do not know of any case where that rule has been applied to a case like the one under consideration. The case presented by this record is not that of a party claiming a lawful right to enter upon and take possession of the land and threatening to bring a suit to enforce that right. If that were the case the rule stated would be applicable, but defendant, admittedly without right, proposes to take the law into his own hands to accomplish his purpose. Against such an invasion complainant cannot resort to any other lawful means to protect his property from the threatened injury except to a court of equity for a writ of injunction. Is a court of equity so bound and tied by an

inflexible rule that the land owner cannot appeal to it for protection but must wait until the wrong and injury have been accomplished and then seek redress in an action at law? We believe no valid reason exists for the application of the rule in such a case. Unlike a case where the complainant's title is disputed, no possible injury could result to a defendant by enjoining him from doing an act which he had no right to do. We have held that when a municipality attempts to take possession of land to which it has no right, injunction is the proper remedy. (*City of Peoria* v. *Johnston,* 56 Ill. 45; *Waller* v. *Village of River Forest,* 259 id. 223; *Rose* v. *Village of Elizabethtown,* 275 id. 167.) The same rule was applied in *Moore* v. *Gar Creek Drainage District,* 266 Ill. 399, in which a bill was filed by a land owner to enjoin the commissioners of a drainage district from digging a ditch and laying a tile drain therein upon and along a public highway over land the fee to which was owned by the complainant. Upon a hearing the bill was dismissed. On appeal this court reversed the decree and remanded the case, with directions to grant the relief prayed. The court said: "Under the state of facts here disclosed appellant was entitled to injunctive relief. Where a municipality undertakes to take possession of a street to which it has no right the proper remedy is injunction. [Citing authorities.] There is no difference, in principle, between a municipality undertaking to take possession of a street to which it has no right, and a drainage district undertaking to take possession of a strip of ground for a ditch to which it has no right." The same rule must apply to a commissioner of highways.

The circuit court erred in dismissing the bill on motion without answer, and the decree is reversed and the cause remanded, with directions to overrule the motion and permit defendant to answer the bill if he shall be so advised.

*Reversed and remanded, with directions.*