Toledo, Peoria and Western Railroad et al., Appellees, v. City of East Peoria, Appellant.

Gen. No. 8,782.

Opinion filed January 12, 1934.

HAROLD J. RUST, for appellant; LOUIS P. DUNKEL-BERG, of counsel.

MILLER, ELLIOTT & WESTERVELT, for appellees; J. M. ELLIOTT, of counsel.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court of Tazewell county denying a motion to dissolve a temporary injunction.

Appellees filed their bill of complaint on November 4, 1932, in which they alleged, in substance, that they were the owners and entitled to the peaceful, quiet and uninterrupted possession of certain real estate in the southeast quarter and the northeast quarter of section 31, Township 26 North, Range 4, West of the Third Principal Meridian, in Tazewell county, Illinois, and particularly describing in said bill certain lots in Richland Farms Resurvey, a subdivision of Fondulac township in said county (now part of the City of East Peoria), as shown in Plat Book "F," at page 93, in the recorder's office of said Tazewell county, and also certain lots in Richland Farms, a subdivision of parts of sections 31 and 32 located in Fondulac township, Tazewell county (now a part of the City of East Peoria), as shown by Plat Book "F," at page 50, in the recorder's office of Tazewell county; and are also the owners of the reversionary interest in parts of certain streets embraced within the limits of said Richland Farms Resurvey and Richland Farms, the names of which streets are Webster, Wilson and Edmund, and the location of which is alleged.

That said real estate has been used for farming purposes and has never been occupied or used for business or residential purposes except that a small house located upon lot 419 or lot 420 of Richland Farms has been and is now occupied by a tenant of one of the complainants in said bill.

That on or about the first day of May, 1914, certain of the complainants, together with other owners of

parts of said sections 31 and 32, caused said lands to be surveyed and laid out thereon an addition to Fondulac township, known as Richland Farms, a portion of which addition covered the real estate described in said bill of complaint, and caused a plat thereof to be filed for record in the recorder's office of Tazewell county in Plat Book "F," at page 50, on or about July 25, 1914; that the real estate covered by said plat was located partly within and partly without the corporate limits of the City of East Peoria at the time of the filing of said plat, but no portion of the real estate involved in this proceeding was at that time located within the corporate limits of the City of East Peoria.

That on or about the 19th day of January, 1918, the then owners of that portion of Richland Farms located in said section 31 caused a resurvey thereof to be made and filed, and known as Richland Farms Resurvey, which was thereafter filed in the office of the recorder of deeds of Tazewell county, on February 9, 1918, in book "F," at page 93 thereof, and that no portion of said Richland Farms Resurvey was then within the corporate limits of the City of East Peoria; that, at the time of the making and filing of said plats of Richland Farms and Richland Farms Resurvey, the real estate herein involved was not occupied or used for business or residential purposes but was open farm land and has continued to be open farm land and used for farm and agricultural purposes to this date.

That in or about the year 1931 the corporate boundaries of the City of East Peoria were extended and certain territory in said section 31 was annexed to said city, but that said city has not at any time accepted or approved said plats or surveys of Richland Farms or Richland Farms Resurvey in so far as they include or embrace the real estate involved and that said city has never at any time accepted the offer to dedicate the strips of land marked streets upon said plats; that

at the time of the making of said surveys and plats said real estate herein involved was not within the corporate limits of the City of East Peoria (then Village of East Peoria), or any other municipality; that the same was farm land located in Fondulac township, Tazewell county, and that neither the township authorities nor the county board of Tazewell county expended any public moneys upon the strips of land marked streets, and no work or improvement of any kind was done upon said strips of land by the public authorities and that said strips were not at any time used by the public as passageways over said real estate or any part thereof; that said city after annexing said territory in 1931 did not expend for the purpose of improving or using said strips of land any public moneys, and no work or improvement of any kind was done upon said strips of land and that they have not at any time been used as public streets for public passage on said real estate to this date.

It is further alleged that being the owners of the premises herein involved on the 14th day of October, 1932, and pursuant to sections 6 and 7 of the law in relation to "Plats," Cahill's St. ch. 109, ¶¶ 6, 7, they executed and acknowledged and filed and recorded their deed of vacation, a copy of which is attached to and made a part of the bill of complaint; that at the time of the execution of said deed of vacation they were, continuously since then and now are, the sole owners of real estate described in said deed of vacation; that by the execution and filing of said deed of vacation, that portion of the plats and survey described therein became vacated, and that the recorder of deeds of said county so marked said plats, as required by the statute.

It is further alleged that upon the execution and recording of said deed of vacation that the complainant, Toledo, Peoria & Western Railroad, caused a fence to be constructed across the easterly end of the strip

marked in said plats so vacated as ''Edmund Street'' and extended said fence northerly and southerly from said strip marked street for the purpose of enclosing and shutting off from property east thereof the portion of the strip marked ''Edmund Street'' so vacated; that at the time of the erection of said fence, and prior thereto, no public funds had been expended by any public authorities and no work or improvement of any kind had been done by public authorities upon said strip of ground marked ''Edmund Street'' and no public moneys had been expended or work done of any kind by public authorities upon the strips of land marked ''Webster Street'' and ''Wilson Street'' and that prior to the execution and filing of said deed of vacation the strips of land marked ''Webster Street,'' ''Wilson Street'' and ''Edmund Street'' on said plats within the territory involved in this suit had not been accepted, marked, improved or used as public streets or highways, and had not been accepted by the township of Fondulac, the county of Tazewell, or the City of East Peoria, as public streets or highways.

It is further alleged that by virtue of the execution and filing of said deed of vacation, the title to the reversionary interest in said strips so marked streets within the area involved became merged with the ownership of the fee to the adjoining lots, and that complainants are now the sole owners of all the real estate including the strips marked ''Streets'' within the boundaries of those portions of the plats of Richland Farms and Richland Farms Resurvey, as outlined in red on said plats attached to and made a part of the deed of vacation and as such owners are entitled to the exclusive, peaceful, quiet and uninterrupted possession thereof from the defendant, City of East Peoria, and all others.

It is further alleged that on or about the 27th day of October, 1932, upon information and belief, that said

city by its officers and agents, without right and authority and in violation of the rights of complainants as owners of said real estate and the right to exclusive, quiet, peaceable and uninterrupted possession thereof, unlawfully entered upon said real estate and destroyed and removed the fence and without right partially graded said strips of land marked ''Wilson Street'' and ''Edmund Street'' and unlawfully pretended to stake out the strip of land marked ''Webster Street'' and placed willow poles along the sides of said strip marked ''Edmund Street,'' and that in committing said trespass injured the growing crops upon said strips to the damage and injury of complainants.

It is further alleged that, for the purpose of protecting their title and interest in said real estate, complainant, Toledo, Peoria & Western Railroad, reconstructed and rebuilt the fence along the easterly boundary of the land involved, and that upon information and belief, which they believe to be true, and therefore state the fact to be, that the City of East Peoria, through its officers, agents, employees and servants, will, unless restrained by the order of this court, again destroy and remove such fence without right or authority, and otherwise interfere with the rights of complainants as owners of said real estate, and that said city, unless restrained, will continue to trespass upon said real estate and destroy and remove the fences and other monuments and markers showing the boundary thereof and continue to attempt to grade and otherwise change said strips of land marked as streets upon said plats, and interfere with the quiet, peaceful, exclusive and uninterrupted possession of said real estate by complainants and will refuse to recognize the title and ownership of complainants in said strips of land and the right of peaceful possession thereof.

It is further alleged that complainants have no adequate remedy at law and that irreparable injury will

result to them if an injunction is not granted as prayed for in bill; that continued trespasses by the defendant through its officers, agents, employees and servants will occur, as complainants believe, and that their rights and interests as owners of said real estate, and to the quiet, peaceful, exclusive and uninterrupted possession thereof will be destroyed and the value of the same depreciated by reason of the unlawful acts of said defendant.

Complainants ask that upon a hearing the defendant, City of East Peoria, its officers, agents, employees, servants and attorneys, and all persons claiming to act by, for or under them, may be enjoined from trespassing upon the real estate of complainants described in the said deed of vacation, or any part thereof, and from destroying or removing or attempting to destroy or remove the fence constructed by one of the complainants, etc., and said bill of complaint also contained a prayer for a temporary injunction pending a hearing upon said bill of complaint.

Attached to which bill of complaint was a copy of said deed of vacation, marked Exhibit "A," and made a part thereof.

The court granted a temporary injunction and appellant, without having filed an answer, made a motion to dissolve the same, and as grounds for said motion alleged:

First: There is no equity on the face of the bill.

Second: Said bill of complaint fails to set forth that the portion of the plat attempted to be vacated by complainants was at any time presented to the city council of the City of East Peoria, Illinois, for its approval or rejection, in manner as provided by the statute.

Third: Said bill of complaint fails to set forth that the complainants are the owners of all the lots located in the subdivision known as "Richland Farms" and "Richland Farms Resurvey."

Fourth: Other reasons.

Afterwards said defendant filed a motion for a rule requiring complainants to file in said cause, prior to the hearing upon the motion to dissolve the temporary injunction, copies of said plats of Richland Farms and Richland Farms Resurvey, which motion was denied by the court. Appellees thereupon consented to defendant filing said plats in said cause without prejudice to the rights of complainants under said bill, and that the court might consider said plats on hearing upon motion to dissolve the temporary injunction issued in this cause.

Upon a hearing on the motion of defendant to dissolve the temporary injunction the court overruled and denied said motion.

The sole reason urged for a dissolution of the temporary injunction is that there is no equity on the face of the bill, appellant having waived point four of its motion by not stating any reasons in support thereof in its brief and argument.

Appellant in its argument states its position thus:

"The question upon which the decision of this Court is sought is whether the present owners (and who in this case are not all of the original proprietors and dedicators) of lots or territory in a portion of a subdivision created by statutory plat, and lying within the corporate limits of a city, can vacate the streets or highways adjoining and abutting upon their respective lots or territory by making and recording a deed of vacation of that portion of the plat or subdivision representing the lots or territory owned by them, without presenting said deed of vacation to the city council for its approval or rejection as provided for in Sections 6 and 7 of the 'Plats' Act since the amendment to said Section 6 in 1917."

When, as in this case, a motion is made to dissolve a temporary injunction for want of equity on the face of

the bill, without answer, the motion operates as a demurrer to the bill and raises the question of the sufficiency of the bill on its face, and all matters of fact well pleaded are admitted. *Smith v. Kochersperger*, 173 Ill. 201; *Wortham v. Quait*, 215 Ill. App. 444; *Spies v. Byers*, 287 Ill. 627; *O'Donnell v. Gearing*, 291 Ill. 278.

The only question to be determined is as to whether or not the bill on its face contains a sufficient statement of ultimate facts to entitle appellees to a temporary injunction against appellant, assuming the facts stated in the bill to be true.

When a plat is made in strict compliance with the provisions of the statute, then the title to the streets dedicated and accepted by the city becomes vested in the city, but the statute is in derogation of the common law, and a plat which does not strictly comply with the provisions of the statute is not a statutory plat. *City of Chicago v. Drexel*, 141 Ill. 89.

Upon consideration of the bill we can find no allegations of fact from which either of the plats in question can be held to be statutory. At the time of the making and filing of the plats for record no part of the lands involved in this proceeding was within the corporate limits of the City of East Peoria, and there is no allegation in the bill that the plats, or either of them, were made for the purpose of laying out a town or making any addition to any city, village or town, and nothing upon the face of the bill shows a strict compliance with the provisions of the statute.

However, it is contended by appellant that by the execution and filing of the deed of vacation, in which it is recited that the same was made pursuant to sections 6 and 7 of the statute in relation to ''Plats,'' Cahill's St. ch. 109, ¶¶ 6, 7, appellees recognized and treated both plats as statutory and they cannot now deny that they were such, and cite the cases of *Corbin*

*v. Baltimore & O. C. Terminal R. Co.,* 285 Ill. 439, and *Clark v. McCormick,* 174 Ill. 164. We do not think these cases should receive such a broad construction.

In the *Corbin* case, *supra,* the court held:

"The plat conformed in every way to the statute in the particulars just named, and is, therefore, a statutory plat. . . . By its act of executing and acknowledging the vacation piece appellee recognized and treated the plat and addition as a statutory plat. . . . The statutory provision for vacating a dedication is not applicable to a common law dedication."

In the *Clark* case, *supra,* the court held that the dedication was not statutory but was good as a common law dedication, and that the legal title to the strips set apart for streets remained in the original owner. It was also held in this case that the statutory provision for vacating a dedication is not applicable to a common law dedication.

In our opinion the court did not intend to lay down the rule that if a property owner attempts to subdivide it into lots and blocks and make a statutory dedication of the streets and fails to do so under the provisions of the statute, the same will become a statutory dedication because the owner himself may have treated it as such in attempting to vacate a plat thereof or simply because the owner himself intended it to be a statutory plat.

In a statutory plat the fee to the streets and public grounds passes to the municipality, while in a common law dedication the fee remains in the proprietor of the plat and passes to the purchasers of the abutting lots, subject to the easement of the public in the streets. Titles to lands cannot be determined by the will or intention of the dedicators, nor can a plat be declared statutory, if in fact it is simply one at common law.

Even though the deed of vacation executed by appellees should be held inapplicable to a common law

dedication, yet it could not have the force and effect of making the plats mentioned therein statutory plats if they were in fact common law dedications. In our opinion the cases cited do not sustain the contention of appellant.

From the allegations of the bill it cannot be held that the plats are statutory, and in order to determine whether or not the bill on its face contains such a sufficient statement of ultimate facts as warranted the court in granting the temporary injunction we must not only be guided by the rules governing a common law dedication but also by the allegations contained in the bill with reference to the ownership of the property, the trespasses thereon by appellant, the right of appellees under the law to the quiet and peaceful possession thereof and the charges of other threatened trespasses by appellant.

The making and recording of a plat, which is not in strict compliance with the statute, is evidence of an intent to dedicate, which, like every other dedication to be made complete and carried into effect so as to create public rights, must be accepted and acted upon by the public. Such a plat has no effect as a conveyance, and an offer to dedicate thereby may be revoked by the owner or his grantee at any time before acceptance by the public, and what constitutes a revocation of an offer to dedicate depends very largely upon the circumstances and is usually a question of fact. *Nimpfer v. Village of Fox Lake,* 334 Ill. 46.

From the bill it appears that appellees own the lands in question and the same, including the strips of land marked streets, have at all times been used for farming purposes and no portion thereof was within the City of East Peoria at the time of the platting of the same; that the city extended its corporate limits in the year 1931 and annexed said lands, but that said city has not affirmed said plats and never at any time

accepted the offer to dedicate said strips of land marked streets; that at the time of said surveys and plattings the same were farm lands located in the township of Fondulac, county of Tazewell, and that said strips of land have not been accepted, marked, improved or used as streets or highways by said county of Tazewell, township of Fondulac or City of East Peoria; that neither said county of Tazewell, township of Fondulac or City of East Peoria have expended any public moneys upon said strips of land marked streets, and no work or any improvement of any kind has been done thereon by the public authorities of said county, township or city and that they were not at any time used by the public as streets or highways or passageways; that a fence was constructed across the easterly sides of said lands and on or about October 27, 1932, said City of East Peoria, by its officers and agents and without right and authority, unlawfully entered upon said real estate and destroyed and removed said fence and partially graded said strips of land marked "Wilson Street" and "Edmund Street" and unlawfully pretended to stake out the strip of land marked "Webster Street" and placed willow poles along the sides of said strip marked "Edmund Street" and injured the growing crops upon said strips; that complainants reconstructed and rebuilt said fence and that upon information and belief state the fact to be, that said City of East Peoria, through its officers, agents and employees, will again destroy and remove said fence without right and authority and continue to trespass upon said real estate.

Appellees not only executed the vacation piece and filed the same for record, thereby giving the public notice of their intention to vacate, but also fenced off the property on the easterly side thereof and thus withdrew the offers made by the proprietors of the plats to dedicate the streets to the use of the public

and thereby declaring their intention to devote said strips to their own private use.

If for no other reason, the fact that appellees were in possession of the property claiming to be the owners thereof and were using the land for agricultural purposes and had crops growing thereon and that appellant tore down the fence, went upon the property, graded some of it, and committed other trespasses and that it is alleged upon information and belief that unless restrained by order of court appellant will continue to trespass upon said property and destroy and remove the fences and other monuments and markers showing the boundaries thereof and will continue to attempt to grade and otherwise change said strips of land marked on said plat as "streets" and that irreparable injury will result therefrom, would induce a court of equity to restrain such trespasses. *O'Donnell v. Gearing,* 291 Ill. 278; *Drainage Com'rs of Hammond Mut. Drain. Dist. v. Drainage Com'rs of Dist. No. 9 of Town of Unity,* 246 Ill. 526; *McIntyre v. McIntyre,* 287 Ill. 544; *Peters v. Harris,* 245 Ill. 419. The right to the remedy is not limited to those who may actually have a clear title to the lands, but may be availed of by one who is in actual possession thereof under claim of title (32 C. J., p. 130, sec. 172), and he does not have to sit by, see his property invaded and destroyed, and be compelled to seek damages at law. The City of East Peoria had no more right to tear down the fence, invade the property and destroy the crops thereon, under the facts as they appear in the bill, than had any other person.

The order of the circuit court overruling the motion to dissolve the temporary injunction is affirmed.

*Order of circuit court affirmed.*