Amelia Stoffel, Appellee, v. Carl Kilian and Carl Kilian, Trading as Kilian Building Material Company, Appellant.

Term No. 46M10.

Opinion filed October 4, 1946. Released for publication November 12, 1946.

HERBERT F. LILL, of Belleville, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, and LEW W. MASON, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is a suit in equity brought by Amelia Stoffel, plaintiff appellee (hereafter for convenience styled plaintiff) against Carl Kilian and Carl Kilian, doing business as Kilian Building Material Company, defendant appellant (hereinafter for convenience styled defendant), in the circuit court of St. Clair county, to enjoin defendant from going upon, damaging, and attempting to damage a portion of the property owned by plaintiff.

It appears that on February 4, 1924, Kilian Kolb owned lots 61, 62, 63 and 64 of Leibrock's Second Addition to the Town (now City) of Mascoutah, Illinois. Lot 62 is east of lot 64 and adjoins it. Lot 61 is east of lot 63 and adjoins it. At that time there was a fence 101.27 feet long extending through lot 62, fifteen feet from the west line of lot 62 at the north end and ten feet from the west line of lot 62 at the south end, throwing that strip of ground with lot 64. On lot 63 there was also a store with adjoining living quarters. On that day Otto R. Stoffel purchased lots 63 and 64 and went into immediate possession of all of the property, including the strip west of the fence.

The said Otto R. Stoffel died testate February 27, 1943, devising his entire estate to plaintiff, his wife, and after his death she continued to reside on the property up to the time of bringing suit. It is claimed on behalf of plaintiff that Otto R. Stoffel, during his lifetime and plaintiff thereafter for more than 20 years, had the sole, exclusive, adverse possession

under claim of ownership of the strip in question. It is alleged that they planted roses, other flowers and shrubbery on this strip, and kept the lawn mowed to the fence.

In September 1945, Catherine Kolb, the widow of Kilian Kolb who then owned lots 61 and 62, agreed to sell them to defendant for the sum of $500. This consideration was paid her, and pending the drawing up of the deed of conveyance, defendant had the premises surveyed, and took possession thereof. He then tore down what remained of the old fence, and according to his admission chopped and destroyed what he called brambles and other wild growth up to the lot line and commenced excavating and making other improvements on these lots. Plaintiff's claim is that the fence was destroyed, rose bushes, shrubs and sod were damaged, and she prayed an injunction restraining defendant from coming upon, damaging, attempting to take possession of and making any improvements on the property, and asked that he be required to pay the amount of damage alleged to have been suffered by plaintiff.

On a trial by the court, the issues were found for plaintiff so far as the strip of land was concerned, an injunction issued restraining defendant from interfering with the possession of plaintiff of said tract of land and ordering defendant to pay plaintiff damages in the sum of $50. A final decree was entered to this effect. From this decree, defendant appeals.

It is contended by defendant that the decree of the court is against the manifest weight of the evidence; that the decree is contrary to law. It is the theory of defendant and there is some evidence to that effect, that Kilian Kolb the former owner of the lots conveyed to plaintiff's husband, constructed the fence along the east side of the tract in dispute, and away from the lot line, so that the horse pastured there by him, would not damage young trees and shrubbery

growing there, and that it was not the intention of Kolb that the fence indicate the line between the lots. It is argued by defendant that the fence is of no importance in deciding the issues in this case. They cite the case of *Schmitt v. King,* 316 Ill. 329 in support of their contention.

In the *Schmitt* case, the Supreme Court held that the defendants there, in a similar situation had a right to place their fence any place they chose, provided it was upon their own land. It is only material in the instant case, as indicating the line up to which there is sufficient evidence to show, plaintiff and her husband in his lifetime held possession, improved same with rose bushes, and grass seed, and for more than 20 years had the open, actual, visible, continuous, uninterrupted, hostile and adverse possession of the strip.

There was some evidence introduced on behalf of defendant to the effect that the strip was overgrown with brambles, and that there were no flowers, bushes or shrubs. John Thompson, city engineer, of Belleville, called for plaintiff, testified to the existence of iris bed, bushes and shrubbery; plaintiff testified to roses, other flowers and shrubbery, together with a lawn; Charles Boos, who lived nearby testified to flowers and a lawn as did his wife. Mrs. Edna Siebert testified to the existence of the lawn and flowers as did Xavier Haas. Clarence Schanz testified that he was caretaker of the yard for the Stoffels for many years and that he mowed the lawn up to the fence.

The Appellate Court will not reverse the finding of the trial court in a trial without a jury nor of a chancellor where the witnesses are heard by him, unless the findings are manifestly contrary to the weight of the evidence. *People ex rel. Hirsch v. Nagel,* 243 Ill. App. 490; *Stephens-Adamson Mfg. Co. v. Fireman's Fund Ins. Co.,* 257 Ill. App. 443; *Wear Proof Mat Co. v. Bastian-Morley Co.,* 268 Ill. App.

455. On this controverted question of fact there seems to be ample proof of the existence of roses, bushes, other flowers and shrubbery. The destruction of fruit trees and ornamental shrubbery may amount to irreparable injury and present a proper case for injunction. *Smith v. Price,* 39 Ill. 28; High on Injunctions, Third Ed., vol. 1, § 727, p. 556.

Defendant contends that the decree is contrary to the law. The case of *Osmun v. Warner,* 348 Ill. 349 is very much in point. In that case plaintiffs purchased certain lots and were in adverse, visible, notorious and continuous possession of them for more than 36 years. In that case, as in the instant case, plaintiffs claimed up to an old fence, established by a former owner. When the adjacent lot owners threatened to chop down, take up and remove from the claimed strip certain trees and shrubs growing on it, plaintiffs sought an injunction and the court held that they were entitled to that remedy.

If for no other reason, the fact that plaintiff was in possession of the strip of land claiming to be the owner thereof and had planted roses, other flowers and shrubs thereon and had maintained a lawn, and that defendants went upon the property and tore down what remained of the fence, and cut down rose bushes and shrubbery, and committed other trespasses, and it was feared that unless restrained by order of court, defendant would continue such trespasses and that irreparable injury would result therefrom, would justify a court of equity in restraining such trespasses. *Toledo, P. & W. R. Co. v. City of East Peoria,* 273 Ill. App. 318; *O'Donnell v. Gearing,* 291 Ill. 278; *Drainage Com'rs of Hammond Mut. Drain. Dist. v. Drainage Com'rs of Dist. No. 9 of Town of Unity,* 246 Ill. 526; *McIntyre v. McIntyre,* 287 Ill. 544; *Peters v. Harris,* 245 Ill. 419.

It is maintained on the part of defendant, and it is alleged as error, that there is a lack of neces-

sary parties, in that Catherine Kolb, the record owner of lots 61 and 62 was not joined as party defendant. We are not called upon in this case, and the trial court was not called upon, to quiet title to the property in question. The right to an injunction is not limited to one who may actually have a clear title to the land, but may be availed of by one who is in actual possession thereof under claim of title, and she does not have to sit by and see her property invaded and destroyed, and be compelled to seek damages at law. *Toledo, P. & W. R. Co. v. City of Peoria, supra;* 43 C. J. S. par. 58, p. 522; 38 Am. Jur., par. 132, p. 322. Catherine Kolb was not a necessary party to this law suit. Plaintiff was entitled to the remedy which she sought.

The decree of the circuit court of St. Clair county will be affirmed.

*Affirmed.*

CULBERTSON, P. J., and BARTLEY, J., concur.